Hudson, J.
This action was brought to foieclose a mortgage upon real estate, given by defendant, Outhbertson, to secure the sum of thirty-five hundred dollars, represented by six promissory notes, as follows: $1500, due six months after date; $1500, due twelve months after date, with interest after due at one per cent, per month; $180, due three months after date; $180, due six months after date; $90, due nine months after date; $90, due twelve months after date. All of said notes were made payable with exchange, and attorney’s fees, in case collection should be enforced by law.
*330 This mortgage and these notes were executed to the plaintiff by the defendant, Cuthbertson, upon a loan to the latter of the sum of $3,000, for which the first two notes of $1500 were given. The other four notes were given for interest to accrue on said loan at two per cent, per month, payable at the end of every three months; the notes corresponding in amount and time of payment, respectively. These interest notes were paid, and the sum claimed to be due at the commencement of this action, was the principal represented by the two notes of $1500 each, and interest on the same after due.
The defendant, Cuthbertson, answering for himself, admits that the two notes of $1500 have not been paid, but alleges that all of said notes were usurious, and demands that the whole sum already paid on the said interest notes be allowed him as a counter claim against the plaintiff’s claim in this action.
The defendant, Nathan E. Davis, denies the material allegations of the complaint. A' demurrer to the answer being overruled, an order, for judgment was entered that plaintiff recover upon the two $1500 notes the sum of $3,000, with interest thereon amounting to the sum of $717, subject to a deduction of $2^0 for excess of interest over twelve per cent, per annum, paid by said defendant to plaintiff on the sum of $8,000.
The foregoing statement of the issues in the case is deemed sufficient to disclose the real contention between the parties. The questions for determination arise mainly upon a construction of the Code relating to interest and usury.
By section 1097, Civil Code of Dakota, the legal rate of interest upon money is declared to be 7 per cent., and by section 1098 it is made unlawful to contract for a higher rate than 12 per cent, per annum, and section 427, of the Penal Code, makes the taking of a higher rate a misdemeanor.
*331 There can be no doubt that the notes were executed in a clear violation of these provisions. The agreement was to pay interest upon this loan at the rate of two per cent, a- month, and the notes were given for the same. It was one entire transaction, and the fact that the interest so stipulated to be paid was evidenced by separate notes, which were paid as they fell due, will not relieve the contract of its usurious character: Lee v. Peckham, 17 Wis., 383.
“ If the design of the whole transaction, and the inducement to “ it, was to lend money on usurious interest, the taint of usury “affects the whole and every part of the contract, and no one por- “ tion thereof, although in form an independent contract, is made “ valid by the fact that taken by itself it is free from objection. “ The very fraud consists in disguising usury by separating the “ contract into these parts:” Gillmore v. Woolcock, 13 Wis., 589; Merrills v. Law, 9 Cow., 65; id., Reed v. Smith, 647; Rock County Bank v. Wooliscroft, 16 Wis., 22; Steele v. Whipple, 21 Wend., 103; Maniteau Nat. Bank v. Miller, 11 Rep., 847; Bank v. Stauffer, 10 Rep., 70.
The two notes given for principal provide for payment of exchange in addition to interest after due at the highest legal rate. In view of the fact that, nothing appears to show any necessity for transmission of the funds to a distant point, it may fairly be assumed as a matter of fact that the payment of exchange was a mere cover for usury: Stevens v. Lincoln, 7 Met., 525; Townslee v. Durkee, 12 Wis., 480.
The appellant, the defendant below, having paid this usurious interest, seeks to recover it back from the plaintiff (or which is the same thing) to have it allowed to him as a counter claim in this action.
It is claimed that section 1100, of the Civil Code, justifies a *332 recovery. It is as follows: “ Section 1100. A person taking, “ receiving, retaining or contracting for a higher rate of interest “ than at the rate of 12 per cent, per annum shall forfeit all the “ interest so taken, received, retained, or contracted for. It be-. “ ing the intent and meaning of this section not to provide a for- “ feiture of any portion of the principal.”
“ When a greater rate of interest has been paid than 12 per “ cent, per annum, the party paying it, or his personal represen- “ tative, may recover the excess from the person taking it, or his “ personal representative in an action in the proper court.”
While this section of the Code declares all interest upon a usurious contract forfeited, it does not provide that all the interest may be recovered from the person receiving it, only the excess,, and no right of recovery is given because of such forfeiture, except of the excess; it will, however, avail as to the interest not already paid.
This defendant, Cuthbertson, made this agreement with the plaintiff presumably knowing the law. These interest notes were void the moment of their inception, and the defendant could have successfully resisted their payment, but he freely and voluntarily, for aught that appears, paid them; whether from ignorance of the law and their true character, or knowing the law he was willing to carry out and ■ fulfill a void contract, does not appear, but in either case his mouth is now closed. The time was when he might have spoken and refused to pay any interest. He might have declared all the interest upon these notes forfeited, but that time has passed. It is now too late, except such as accrued upon the notes given for principal after due, and not paid. As to that he may declare the forfeiture and refuse to pay.
Counsel on the argument direct our attention to a statute o Illinois providing that upon a usurious contract the whole interest *333 shall be forfeited, and in an action to enforce the contract, only the principal sum due shall be recovered; and to decisions of the courts of that State, under this statute, holding that the usurious interest paid cannot be recovered back, but may be deducted from the residue of the debt unpaid. It is difficult to see how these decisions can be authority in this case.
Section 1100, of our Civil Code, is the same as to the forfeiture; then adds the provision for the recovery of the excess of the usurious interest paid over 12 per cent, per annum, differing from the Illinois statute. This, we think, is exclusive of all other remedies. The Code having declared the law as to the recovery of usurious interest there is no common law right: See Sec. 6, Civil Code.
The interest allowed to the plaintiff by the court below, amounting to $717 appears to be that which accrued upon $3,000, the principal sum after due to date of judgment, with a reduction of $270 excess already paid over 12 per cent, per annum, possibly upon the theory that interest after due was not affected by the usurious contract. Can this view be sustained by authority?
By section 5198, of the U. S. Eevised Statutes, ££ the taking, “ receiving, reserving, or charging a rate of interest greater than “ is allowed by the preceding section (that allowed by the local “ law) when knowingly done, shall be deemed a forfeiture of the “ entire interest which the note, bill, or other evidence of debt !£ carrred with it, or which has been agreed to be paid thereon.”
In Bank v. Stauffer, decided by the U. S. Court, Western District of Pennsylvania, 10 Eeporter, 70, the plaintiff had charged and received more than the legal rate of interest for the period between date and maturity of the note, and the question was whether the fact subjected the bank to a forfeiture of the interest which accrued afterwards, and it was held that it did. The court ob *334 served that “ the entire interest which the note carries with it is “ forfeited, and if this means all the interest which accrues upon it, “ which I think it clearly does, it is difficult to understand how any “ part of it is recoverable. "When illegal interest has been stip- “ ulated for and not paid, then only the sum lent, without interest, “ can be recovered. By the operation of the act a usurious contract “ is inherently vicious, so that it cannot carry any interest with it; “ hence it would inadequately effectuate the intent of the act to “ hold that such a contract is purged of its taint and is invested “ with a capacity denied it before by the failure of the debtor to “ pay the debt evidenced by it at maturity.” This case is considered and approved in Maniteau National Bank v. Miller, 11 Reporter, 847.
There are cases holding that when no usurious interest has been contracted for in the preceding agreement to accrue before maturity, the payment, or agreement for payment of more than legal interest accruing after maturity, is regarded as a penalty for nonpayment, and is not usurious: Lloyd v. Scott, 4 Peters, 225; Fisher v. Otis, 3 Pinney, Wis. Rep., 78; 3 Chandler, 83.
We think there was error in permitting the plaintiff to recover interest upon the notes after maturity. Therefore let the judgment be modified by allowing to the plaintiff the sum of $3,000, being the principal amount of the two notes sued upon without interest, and deducting therefrom the amount of interest already paid by defendant, Cuthbertson, in excess of the rate of 12 per cent, per annum upon said principal amount, to be computed to the time such payments were made.
In so far as it is not in accordance herewith the said judgment is hereby reversed. In all other respects it is,
Affirmed.
Edgerton, C. J"., dissenting.