No 9265.

THE PEOPLE *v.* FRIEDERICH.

No. 9266.

PEOPLE *v.* BARTH.

No. 9267.

THE PEOPLE *v.* JOSLIN.

1. CONSTITUTIONAL LAW—*Statutes.* Legislation should not be nullified as opposed to the Constitution, unless plainly in violation thereof; nevertheless the requirements of that instrument must be recognized and observed.

2. *Title of Statute.* Under a title "An act for the protection of" "girls 18 years of age," the statute provided for the protection of "girls *under* the age of 18" (Laws 1911 c. 116). The statute held void as opposed to section 21 art. V of the Constitution.

3. *Statute extending Former Statute.* The statute provided that "any law of this state defining delinquency shall be held to include all girls under 18 years of age" (Laws 1911 c.116). *Held* an attempt to extend the provisions of former enactments by mere reference, and void under sec. 24 of art. V of the constitution.

*Error to the Juvenile Court of Denver, Hon. Royal R. Graham, Judge.*

Mr. WILLIAM E. FOLEY, district attorney and Mr. T. E. McINTYRE, assistant district attorney, for The People.

Mr. EDWIN H. PARK and Messrs. DANA, BLOUNT & SILVERSTEIN, for defendants in error.

Mr. Justice Bailey delivered the opinion of the court.

THE defendants were charged with contributing to juvenile delinquency. They moved to quash the informations, which motion was granted, upon the ground that the Act upon which the prosecutions were based is unconstitutional. These judgments are now here for review on writs of error sued out upon behalf of the People.

The Act on which the prosecutions are based is found at page 298, Session Laws 1911. The title of the Act is as follows:

"An Act for the protection of girls 18 years of age who are, or may become delinquent concerning persons who contribute to their delinquency."

The body of the Act is in these words:

"Be it enacted by the General Assembly of the State of Colorado:

"Section 1. From and after the passage of this act, any law of this state defining delinquency or concerning contributory delinquency shall, for the protection of girls, be held to include all girls under the ages of eighteen (18) years."

It is contended by defendants in error that the above Act is in contravention of two sections of the state Constitution; that it is violation of, section 21 of Article V, thereof, in that the subject of the Act is not clearly expressed in the title, and that it contains more than one subject; second: that it is obnoxious to section 24 of Article V, for the reason that it extends the provisions of one law, amends another by reference only, and fails to re-enact or republish so much of the prior laws as it purports to amend, extend and affect.

In determining the first question: whether the title of the Act fails to clearly express the subject of the statute, we are aware that no legislative act should be nullified upon constitutional grounds unless such legislation is plainly in violation of the Constitution. It is equally true, however, that the authority of the fundamental law of the state must be recognized, approved and enforced.

Section 21 of Article V is practically identical with provisions found in most of the state Constitutions, providing that the subject of any act shall be expressed in its title. Our constitution, however, declares that not only must the subject be expressed in the title, but that such subject must be "clearly" so expressed. The rule, as announced in Cooley's Constitutional Limitations (6th ed.), page 178, is as follows:

"As the legislature may make the title to an act as restrictive as they please, it is obvious that they may sometimes so frame it as to preclude many matters being included in an act which might with entire propriety have been embraced in one enactment with the matters indicated by the title, but which must now be excluded because the title has been made unnecessarily restrictive. The courts cannot enlarge the scope of the title; they are vested with no dispensing power; the constitution has made the title the conclusive index to the legislative intent as to what shall be operative; it is no answer to say that the title might have been more comprehensive—in fact the legislature have not seen fit to make it so."

By all authority and precedent it is firmly settled that the purpose of a statute must be ascertained and determined by its title, and that the title is presumed to be the controlling and conclusive index of the legislative intent. In the case at bar it cannot be said that the title of the Act in question indicates, either to lawyer or layman, the general scope and purpose of the Act. The body of the Act shows positively that it is intended for the protection of girls under eighteen years of age; the title limits its application specifically to girls eighteen years of age.

It is by no means sufficient that a general idea of the legislative intent may be gathered from the body of an act. It was declared in In re Breene, 14 Colo. 401, 24 Pac. 3, as follows:

"Moreover, we are bound to assume that the word 'clearly' was not incorporated into the constitutional provision under consideration by mistake. It appears in but few of the cor-

responding provisions of other state constitutions—a fact that could hardly have been unobserved by the convention. That this word was advisedly used, and was intended to affect the manner of expressing the subject, we cannot doubt. The matter covered by legislation is to be 'clearly' not dubiously or obscurely, indicated by the title. Its relation to the subject matter must not rest solely upon a mere possible or doubtful inference. The connection must be so obvious as that ingenious reasoning aided by superior rhetoric will not be necessary to reveal it. Such connection should be within the comprehension of the ordinary intellect as well as the trained legal mind. Nothing unreasonable in this respect is required, however; and a matter is clearly indicated by the title when it is clearly germane to the subject mentioned therein.

It manifestly cannot be said that girls under eighteen years of age, as expressed in the Act, are of the same age or class as girls eighteen years of age, specified in the title. It was to prevent just such obscurity, confusion and uncertainty that the constitutional provisions were enacted. *Edwards v. D. & R. G. Co.,* 13 Colo. 59, 21 Pac. 1011; in *Turner v. Coffin,* 9 Idaho, 338, 74 Pac. 962, it was said, at page 361: "The trouble with this act is that the title and the act do not fit each other. The title indicates one thing, while the bill attempts to write an entirely different thing into law." The title under consideration here, instead of clearly showing the purpose and meaning of the Act, rather tends to disguise and conceal it; in short, the title indicates one thing, while the body of the act declares another and different thing

In addition to the authorities already cited and quoted from, the following decisions sustain the conclusion that the Act is obnoxious to section 21, Article V of the Constitution: *People ex rel. Seely v. Hall,* 8 Colo. 485, 9 Pac. 34; *C. & G. Road Co. v. People,* 5 Colo. 39; *People ex rel. v. Fleming,* 7 Colo. 230, 3 Pac. 70; *Miller v. Edwards,* 8 Colo. 528, 9 Pac. 632; *Wall v. Garrison,* 11 Colo. 515, 19 Pac. 469; *Brooks v. People,* 14 Colo. 413, 24 Pac. 553; *Denver v. Coulehan,* 20

Colo. 471, 39 Pac. 425, 27 L. R. A. 751; In re Consolidation of School Districts, 23 Colo. 499, 48 Pac. 647; *Lamar Canal Co. v. Amity, L. & I. Co.*, 26 Colo. 370, 58 Pac. 600, 77 Am. St. Rep. 261; *Burcher v. People*, 41 Colo. 495, 93 Pac. 14, 124 Am. St. Rep. 143; *Board of Commissioners v. Trowbridge*, 42 Colo. 449, 95 Pac. 554; *Board of County Commissioners v. Aspen Mining Co.*, 3 Colo. App. 223, 32 Pac. 717; *Jackson v. Weis Mfg. Co.*, 124 Tenn. 421, 137 S. W. 757; *Johnson v. Grady County*, 50 Okla. 188, 150 Pac. 497.

As to the invalidity of the Act in reference to section 24 of Article V of the Constitution, it is to be noted that while the information under consideration purports to be based solely upon the Act here involved, in reality they of necessity are based upon three separate statutes: on section 586, R. S. 1908, defining the term "delinquent child"; on section 598, R. S. 1908, providing the penalty for contributing to juvenile delinquency, and on the Act of 1911, itself.   This is true because unless the provisions of the statutes enumerated are considered, the informations state no offense whatsoever under the laws of this state.   It follows, therefore, that the Act attempts to extend and confer the provisions of one law, and amend those of another law, by reference merely, instead of reenacting so much of the prior laws which it purports to extend, confer and amend.

Section 24, Article V, of the Constitution, is as follows:

"No law shall be revived, or amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revived, amended, extended or conferred, shall be re-enacted and published at length."

The Act in question fails to designate any statute or section of statute in any other way than by the following words:

"From and after the passage of this act any law of this state defining delinquency, or concerning contributory delinquency shall, for the protection of girls, be held to include all girls under the age of eighteen years."

In *Callahan v. Jennings*, 16 Colo. 471, 27 Pac. 1055, sec-

tion 24 of the Constitution was under discussion and this court said:

"The intent and wisdom of this provision are obvious. It was framed for the purpose of avoiding confusion, ambiguity and uncertainty in the statutory laws through the existence of separate and disconnected legislative provisions, original and amendatory, scattered through different volumes or different portions of the same volume."

The section is intended to prevent the amendment of a statute by striking out or inserting words, phrases or clauses; and to preclude the passage of vicious legislation through amendments the scope or effect of which is not apparent from the acts themselves. *Edwards v. D. & R. G. R. R. Co., supra.* In this case the attempt is made by reference to a former statute, to change the word "sixteen" to "eighteen." It is manifest that the Act of 1911 is not complete in itself, because to make it apply to any offense it is necessary to refer to, and by implication attach it to the statute defining a delinquent child and to the act relating to persons who contribute to juvenile delinquency.

The Act shows upon its face that it attempts to extend the provisions of Section 586 and Section 589, R. S. 1908, by merely alluding to them as acts "defining delinquency or concerning contributory delinquency." It is manifest that no person, by reading the Act of 1911 alone, could form any idea of its effect or meaning. Nor could one, by simply reading the sections which the Act of 1911 purports to modify, obtain any proper or adequate conception of their purpose or meaning. Section 24, Article V, was enacted for the purpose of avoiding uncertainty, ambiguity and confusion such as is plainly brought about by the Act in question.

Among the authorities supporting the principles here invoked we cite the following: *Braisted v. People,* 38 Colo. 49, 88 Pac. 150; *Kendall v. People,* 53 Colo. 100, 125 Pac. 586; *In re Buelow* (D. C.) 98 Fed. 86; *Rose v. Lampley,* 146 Ala. 445, 41 South. 521; *People v. Election Com.,* 221 Ill. 9, 77 N. E. 321, 5 Ann. Cas. 562; *State v. Beddo,* 22 Utah, 432,

63 Pac. 96; *Board of Penn. Com. v. Spencer,* 159 Ky. 255, 166 S. W. 1017; *People v. Knopf,* 183 Ill. 410, 56 N. E. 155; *Lyons v. Police Board,* 255 Ill. 139, 99 N. E. 337.

It is vigorously contended that the trial court had no power or authority to pass upon the validity of the Act of 1911, and therefore the judgment should be reversed. We do not pass upon the question of the power of the court to pronounce upon the validity of the statute, because we concur in its conclusion, and as matter of public policy to the end that a speedy administration of justice may be reached, and, as the question of the validity of the Act is fairly before us, we cannot properly refuse to pass upon the question because the trial court may not have had authority to reach and declare even a correct conclusion on the question.

Upon principle and authority the Act in question must be held invalid, both upon the ground that its title is insufficient and misleading, and because it failed in its manner of passage to conform to or comply in any particular with the specific requirements of Section 24, Article V, of the Constitution.

The judgments are affirmed.

Decision *en banc.*