HILL v. CRUCE.

Opinion delivered November 8, 1920.

1. HIGHWAYS—EMPLOYMENT OF COMMISSIONER BY BOARD.—Acts 1915, No. 338, § 5, requiring each commissioner of a road improvement district to take an oath "that he will not, directly or indirectly, be interested in any contract made by the board of commissioners," prohibits a commissioner from being so interested, and renders invalid the employment of a commissioner by the board to supervise road construction, whether such employment is advantageous to the district or not.

2. HIGHWAYS—UNLAWFUL CONTRACT—CURATIVE ACT.—An unlawful employment by the board of commissioners of a road improvement district of one of the members thereof to superintend road construction was not cured by Road Laws 1919, vol. 1, p. 6, the expressed purpose of which being to validate acts of the board done in connection with the formation of the district and the assessment of benefits.

Appeal from Conway Chancery Court; *Jordan Sellers,* Chancellor; reversed.

*J. Allen Eades,* for appellant.

1. Appellee was one of the board of commissioners of district 1 and could not employ or hire himself at a stated price per month. Act 338, § 5, Acts 1915, prohibits him from so doing. The hiring was unlawful and the contract void, and he should have been restrained as prayed, and it was error to refuse the relief prayed. Act. 338, § 5, Acts 1915, p. 1407. The law is clear and plain, and this case is ruled by 98 Ark. 38. The hiring is against public policy and void. 25 Wis. 551; 81 Ark. 599; 54 N. Y. 314; 95 Pac. 349.

2. Cruce did not file any claim with the county court for his services in a fiduciary character, and he is not entitled to recover on the *quantam meruit,* and he should

be required to refund all over his *per diem,* $5. Cases *supra,* and 125 Cal. 119. The cause should be reversed and the restraining order granted, with an order to refund to the district treasurer the amount collected and the price of the car.

*Strait & Strait,* for appellee.

The services were rendered under a valid contract, not prohibited by law as against public policy. The services were honestly rendered and very valuable and no court should, after they were rendered and accepted and the benefits enjoyed, require Cruce to refund. The contract was not prohibited by the Alexander Road Law or any other act. Acts 1915, 1408. The contract was validated by act 36, Acts 1919, vol. 1, p. 6. The principle is stated clearly by 2 Story, Esq., Jur., and 4 Hen. & Munf., 419, and is sustained in this State. 98 Ark. 38; 58 *Id.* 348; 61 *Id.* 397. Under the circumstances, and in view of the valuable services rendered by Cruce and the small compensation agreed upon, the chancellor did not err.

*Sellers, Gordon & Sellers,* of counsel for appellee, join in the brief for appellee.

SMITH, J. The instant case is not distinguishable on the material facts from the case of *Tallman* v. *Lewis,* 124 Ark. 6. Tallman was a commissioner of a drainage district, and had been employed by the board of commissioners to supervise the construction of the ditch. Appellee Cruce is a commissioner of a road improvement district organized under the Alexander road law (act 338, Acts 1915), and was employed by the board of commissioners to supervise the construction of the road.

The oath required of the commissioner in each case was "that he will not, directly or indirectly, be interested in any contract made by the board of commissioners."

Of this oath in the case of *Tallman* v. *Lewis, supra,* we said: "While the statute under consideration does not in express terms declare that the contract shall be null and void, it does require the commissioner to make

oath that he will not directly or indirectly be interested in any contract made by the board. So, under the statute, a commissioner would violate his oath of office by becoming interested in a contract made by the board of which he was a member. This amounted to an express prohibition to him, and to permit a recovery upon rights growing out of such a contract would in effect abrogate the statute. The principle is well expressed by the Supreme Court of the United States in *Bank of United States* v. *Owens,* 2 Pet. 527, as follows: 'No court of justice can in its nature be made the handmaid of iniquity. Courts are instituted to carry into effect the laws of a country. How can they then become auxiliary to the consummation of violations of law? There can be no civil right where there can be no legal remedy, and there can be no legal remedy for that which is itself illegal.' '' In the case from which we have quoted a taxpayer was permitted to recover judgment against a commissioner so employed, for the benefit of the district, for the sum illegally paid. The plaintiff in the instant case is a taxpayer, who prays the same relief, and, in addition, asks that the commissioners be restrained from further employing their associate. The court below denied the relief prayed, because of the showing made that the contract with appellee was an advantageous one to the district. In this the court erred. If the contract is illegal, it is unimportant to determine whether it is advantageous or not, as its validity or invalidity is not determined by balancing its advantages against its disadvantages.

It has been suggested that the contract was validated by act No. 36 of the Acts of 1919 (Vol. 1, of Special Road Acts, p. 6). We do not think so. In the first place, it is not shown that appellee performed the services under a contract entered into prior to the passage of that act, and, secondly, we do not think the contract in question was within the purview of the act. The purpose of the act, as reflected by its title, was "to establish Road Improvement District No. 1 of Conway County,

Arkansas; to validate all acts of the county court, the board of commissioners and the board of assessors heretofore had and done in connection with the matter of the formation of Road Improvement District No. 1 of Conway County; to validate the assessment of benefits to the property within the district as heretofore made and filed by the board of assessors of said district under appointment by the county court of Conway County; and to provide a method whereby the plans and specifications and the character of the surface of the road to be constructed and improved, as shown by the plans and specifications on file in the office of the county clerk of Conway County, may be changed.''

It follows, from what we have said, that the court should have granted the relief prayed, and the decree will therefore be reversed and the cause remanded with directions to ascertain the sum paid appellee (not including the per diem allowed him as a commissioner), and to render judgment against appellee for its recovery, and to enter an order restraining the commissioners from further employing appellee in any capacity, so long as he continues in office as a commissioner of the district.