## WALLACE *v.* ALLEN.

### Opinion delivered March 6, 1922.

1. HIGHWAYS—COMPENSATION OF HIGHWAY COMMISSIONERS.—Under Crawford & Moses' Dig., §§ 5407-8, providing that the commissioners of a highway district shall organize by selecting one of its members as president and another as secretary, and that the members shall receive compensation not to exceed five dollars per day while engaged in attending board meetings or in business for the district, the Legislature intended this maximum allowance to cover the services to be rendered by one of them as secretary.

2. HIGHWAYS—COMPENSATION OF SECRETARY.—Crawford & Moses' Dig., § 5406, requiring commissioners of a highway district to take an oath that they will not directly or indirectly become interested in any contract made by the board of commissioners, precludes a member of the board from making a contract with the board to employ him as secretary for a salary of $25 per month.

3. HIGHWAYS—COMPENSATION OF SECRETARY.—A contract between the commissioners of a highway district and one of the commissioners to employ the latter at a salary of $25 per month is void, though the salary was used to pay for services of the secretary's stenographer for services rendered to the district.

Appeal from Perry Chancery Court; *Jordan Sellers,* Chancellor; affirmed.

*G. B. Colvin,* for appellant.

For the statutes pertaining to this case, see ·C. & M. Digest, §§ 5406, 5407 and 5408. We insist that the rule announced in *Hill* v. *Cruce,* 146 Ark. 61, is not applicable here. This is not a case of employing a commissioner to perform work that was never contemplated by law, but a case of reimbursement to a secretary for work and expenses incurred required of him by law. If a bill had been presented by the stenographer for services rendered as stenographer in the amount and for the period of time in question, and had been allowed by the board, there doubtless would have been no objections raised to it. Why split hairs?

*W. B. Rutherford,* for appellees.

The minutes of the board meeting quoted by the appellant shows a motion proposed and carried to the effect that the "secretary receive a salary of $25 a month, said salary to date from March 1, 1919." This amounted to a ·contract which reacted for the two previous months. 6 Cranch (U. S.) 87; 3 Am. & Eng. Enc. of L. (1st Ed.) 825. It was enforceable at law, unless prohibited; but the statute quoted by appellant prohibits it.

HUMPHREYS, J. This suit was instituted by the commissioners of Road Improvement District No. 1 of Perry County against appellees in the chancery court of said county for re-examination of a settlement filed by said commissioners in the county court of said county, to which settlement exceptions had been filed by appellee C. A. Williams, a taxpayer in said district. The county court had disallowed the claim of one of the commissioners in the amount of $150 for six months' salary for services rendered by the commissioner as secretary for the district. The commissioners of said road district, after organizing and electing one of its members as president and another as secretary, passed a resolution allowing the secretary a salary of $25 per month, which formed the basis for the claim in this action. The commissioners of road

districts organized under act 338 of the Acts of 1915 are required to file annual settlements, showing collections and disbursements, with proper vouchers attached, which settlements are subject to readjustment by the county court, the adjustment by the county court being subject to reexamination by the chancery court for error, mistake or fraud, at the instance of the commissioners or any taxpayer in the road district. Crawford & Moses' Digest, § 5452. Upon review the chancery court also disallowed the claim of J. T. Chafin, one of the commissioners, for services rendered as secretary of the district, and from the order disallowing the claim an appeal has been duly prosecuted to this court.

The act under which the district was organized requires the board to select one of its members as secretary (Crawford & Moses' Digest, § 5407), but no provision is made in the act for compensating any member of the board for services other than an allowance not to exceed five dollars per day to each member of the board while engaged in attending board meetings. Crawford & Moses' Dig., § 5408. The Legislature must have intended that this maximum allowance of five dollars per day when in attendance on board meetings should cover the services to be rendered by one of them as secretary, for the act required each commissioner to take an oath that he would not become interested, directly or indirectly, in any contract made by the board of commissioners. Crawford & Moses' Digest, § 5406. The claim for salary in the instant case was necessarily founded in contract, and comes within the prohibition providing that no commissioner shall become interested in any contract made by the board. This interpretation was given to the prohibitory clause referred to in the case of *Hill* v. *Cruce*, 146 Ark. 61. In that case the court declared contract for the employment of one of the commissioners by the board to supervise the road construction invalid, irrespective of the fact that the contract was advantageous to the district.

The claimant, J. T. Chafin, testified in this case that he used his stenographer to perform the services required of him as secretary, and that the salary allowed him was insufficient to pay his stenographer for the services she rendered to the district. This does not bring the claim within section 5406 of Crawford & Moses' Digest as construed in *Gould* v. *Toland,* 149 Ark. 476. The claim in the instant case was not for necessary expenses incurred in the performance of the duties of a member of the board not embraced in his personal duties in attending meetings of the board. The claim grew out of an illegal contract for the payment of an unauthorized salary, and was properly disallowed.

No error appearing, the decree is affirmed.