364 So.2d 840 (1978)
INDIANAPOLIS MORRIS PLAN CORPORATION, a Corporation, Appellant,
v.
Raul PORTELA and Vivian Portela, His Wife, Appellees.
No. 78-207.
District Court of Appeal of Florida, Third District.
November 28, 1978.
*841 Sobo & Wellens, Fort Lauderdale, and Joseph M. Balocco, Hollywood, for appellant.
Gus Efthimiou, Jr., Miami, for appellees.
Before PEARSON, BARKDULL and KEHOE, JJ.
PER CURIAM.
Appellant-lender seeks review of a final judgment in equity, refusing foreclosure of a mortgage but entering a money judgment for the amount of the loan less civil usury penalties. The appellees cross-assign error as to the entry of the judgment for the balance due. We affirm.
The appellant came into a court of equity. The record supports a finding of usury and, therefore, he was without clean hands and the trial court did not abuse its discretion in refusing to lend equity powers to enforce the mortgage. Dale v. Jennings, 90 Fla. 234, 107 So. 175 (1925); Sahler v. Sahler, 154 Fla. 206, 17 So.2d 105 (1944); Brenner v. Smullian, 84 So.2d 44 (Fla. 1955); Bella Isla Construction Corporation v. Trust Mortgage Corporation, 347 So.2d 649 (Fla.3d DCA 1977); Continental Mortgage Investors v. Sailboat Key, Inc., 354 So.2d 67 (Fla.3d DCA 1977).
The court also would have been right in declining to enforce the mortgage as being against the public policy of this State, having found civil usury. Sherbill v. Miller Manufacturing Company, 89 So.2d 28 (Fla. 1956); Davis v. Ebsco Industries, Inc., 150 So.2d 460 (Fla.3d DCA 1963); Bond v. Koscot Interplanetary, Inc., 246 So.2d 631 (Fla.4th DCA 1971). We have not overlooked the case of Staros v. Avalon Shores, Inc., 249 So.2d 448 (Fla.1st DCA 1971), but by its very decision it indicates that a chancellor has the discretion to deny foreclosure.
We find no merit to the appellant's assignments of error. We cannot reach the merit of the cross-assignment filed by the appellees because no point on appeal was filed in support thereof and, therefore, it is considered abandoned. Pittman v. Roberts, 122 So.2d 333 (Fla.2d DCA 1960); Time Insurance Company v. Arnold, 319 So.2d 638 (Fla.1st DCA 1975); Florida First National Bank of Jacksonville v. Dent, 350 So.2d 481 (Fla.1st DCA 1977); Florida Rules Appellate Procedure 3.7 i.
Therefore, for the reasons above stated, the final judgment here under review be and the same is hereby affirmed.
Affirmed.