421 So.2d 651 (1982)
OFS EQUITIES, INC., Appellant,
v.
Lou CONDE, Appellee.
No. 81-2600.
District Court of Appeal of Florida, Third District.
October 26, 1982.
Rehearing Denied December 6, 1982.
*652 Fromberg, Fromberg, Roth, Gross, Cohen, Shore & Berke and Jeffrey Michael Cohen, Coral Gables, for appellant.
Gus Efthimiou, Jr., Miami, for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
The appellant, OFS Equities, Inc., sued to foreclose a mortgage on real property located in Dade County, Florida. Conde, asserting that the interest charged on the mortgage note exceeded twenty-five per cent, see § 687.071(7), Fla. Stat. (1979), interposed the affirmative defense that the note and mortgage were criminally usurious and therefore unenforceable under Florida law and counterclaimed for cancellation of the note and mortgage, damages in the amount of double the usurious interest paid to OFS, and attorneys' fees and costs. After a non-jury trial, the trial court entered its judgment awarding Conde complete relief.
OFS's main contention[1] is that the *653 trial court erred by applying Florida law to the mortgage transaction between the parties. It says that the law applicable to the instant transaction is Colorado law, which, according to the undisputed expert testimony below, allows for a forty-five per cent legal rate of interest on loans to individual borrowers, excludes from the calculation of interest any charge which is incapable of being mathematically computed at the time the loan is made, and provides not for the forfeiture of the right to enforce the principal debt, but rather for the far less onerous consequence of forfeiture of the excess interest charged or to be charged when a loan is deemed usurious. We agree that it was error to apply Florida law and reverse the judgment below.
In deciding what law is to be applied, the forum court applies its own choice of law rule respecting the validity and interpretation of the contract. Jemco, Inc. v. United Parcel Service, Inc., 400 So.2d 499 (Fla. 3d DCA 1981). The choice of law rule unique to usury cases is that foreign law will be applied "if the foreign jurisdiction has a normal relation to the transaction and would also favor the agreement." Continental Mortgage Investors v. SailBoat Key, Inc., 395 So.2d 507 (Fla. 1981). As we have said, the law of Colorado is indisputably more favorable to the instant note and mortgage. It is equally clear that the relation of Colorado to the transaction is normal. The note and mortgage were made in and delivered to OFS in Colorado; the mortgage note was payable there; the lender's principal and only place of business was in Colorado; OFS's president resided there; Colorado is the place where associates of Conde solicited the loan; and the loan funds were advanced from Colorado. Given these circumstances, had the parties hereto expressly designated that the loan would be controlled by the more favorable Colorado law, Florida courts would be required to honor that designation. Continental Mortgage Investors v. Sailboat Key, Inc., supra. And, as is now clear, even where this intent is not expressed by the parties, we will construe their intent to be that the transaction shall be governed by the law of that state with a normal and reasonable relation to the transaction which gives to the transaction the most validity.[2]Morgan Walton Properties, Inc. v. International City Bank & Trust Co., 404 So.2d 1059 (Fla. 1981).[3]
Finally, as is plain from Morgan Walton Properties, Inc. v. International City Bank and Trust Co., supra, and its precursor, Continental Mortgage Investors v. Sailboat Key, Inc., supra, the mere fact that there exists in Florida a usury statute which prohibits a certain interest rate from being charged does not establish some public policy against either ordinary or criminal usury strong enough to override either the express or constructive intent of the parties that the law of a state which permits higher interest and penalizes usury violations less harshly shall apply. Thus, Conde's reliance on cases bottomed on the now disapproved notion that the public policy of this state against usury authorizes a court of this state, as part of its power to do equity, to disregard the parties' express or constructive choice to have rights under a mortgage note determined by the laws of another state, e.g., Indianapolis Morris Plan Corporation v. Portela, 364 So.2d 840 (Fla. 3d DCA 1978); Continental Mortgage Investors v. Sailboat Key, Inc., 354 So.2d 67 (Fla. 3d DCA 1977), reversed, 395 So.2d 507 (Fla. 1981); Bella Isla Construction Corporation *654 v. Trust Mortgage Corporation, 347 So.2d 649 (Fla. 3d DCA 1977), is obviously misplaced.
Accordingly, the judgment of the trial court is reversed and the case is remanded to the trial court for determination and application of Colorado law in such further proceedings as are necessary. The motion of OFS Equities, Inc. for an award of reasonable attorneys' fees for the services of its attorneys on this appeal is remanded to the trial court for appropriate action at the conclusion of the further proceedings herein ordered.
Reversed and remanded.
NOTES
[1] We do not reach OFS's additional contentions that the trial court incorrectly cumulated the penalties provided in Sections 687.04 and 687.071(7), Florida Statutes (1979), see Rosenblum v. Hart, 95 So.2d 18 (Fla. 1957); 32 Fla.Jur.2d Interest & Usury § 70, and incorrectly reserved jurisdiction to award attorneys' fees.
[2] It matters not that because Conde was a part-time resident of Florida and the note was secured by a mortgage on property owned by Conde in Dade County, Florida, it could also be said that the State of Florida had a normal relation to the transaction. Under the Continental Mortgage Investors analysis, a court does not count the number of contacts with each state, but merely determines if the state which would validate the transaction has a normal relation to it.
[3] We mention at this point that the trial court was without benefit of the decision in Morgan Walton Properties, Inc. when it entered the judgment below. It did, however, have the benefit of Continental Mortgage Investors, which, although it involved an express agreement that the law of a particular state would govern, certainly foretold the decision in Morgan Walton Properties, Inc.