PER CURIAM.
Pursuant to the determination in OFS Equities, Inc. v. Conde, 421 So.2d 651 (Fla. 3d DCA 1982), that this action is governed by Colorado law, the lower court, after a new trial, held that the subject loan transaction was enforceable and entered a final judgment of foreclosure in favor of the plaintiff lender. The defendant Conde, who was a guarantor of the loan, appeals.
The parties have mooted several difficult questions as to whether, as originally structured, the loan was usurious under the applicable Colorado statutes. See Colo. Rev.Stat. §§ 5-3-605, 5-12-103, 18-17-101 to -109 (Supp.1985); Colo.Rev.Stat. § 18-15-104 (1978). It is unnecessary to resolve these questions because, on the basis of the relatively sparse authorities available on the point, we find that the only effect of exacting even a criminally usurious rate of interest is to reduce the enforceable interest to the maximum permissible rate — rather than, as Conde argues, to cancel the transaction outright. See Becker v. Marketing & Research Consultants, Inc., 526 F.Supp. 166 (D.Colo.1981). We do not read Waddell v. Traylor, 99 Colo. 576, 64 P.2d 1273 (1937), upon which Conde heavily relies, to hold otherwise. It states merely that the “plaintiff cannot invoke the aid of the courts to enforce collection of [the] excess.” 99 Colo. at 582, 64 P.2d at 1276.
The judgment under review does not violate this principle. It is therefore
Affirmed.