GOULD v. TOLAND.

Opinion delivered July 4, 1921.

1. HIGHWAYS—AUTHORITY OF BOARD OF COMMISSIONERS TO ADJUDI-CATE CLAIMS.—Acts of Special Session of 1920, No. 114, unpublished, in directing the commissioners of Howard County Road

Improvement District No. 2 to ascertain the preliminary expenses of said district, including damages for failure of the district to carry out it contracts, did not constitute the board a judicial tribunal to adjudicate finally such preliminary expenses and damages; while much weight should be given to settlements by the board under the act, they cannot be regarded as final, but the burden is on the complaining taxpayers of showing that the allowances were inequitable and unjust.

2 HIGHWAYS—ABANDONMENT OF ROAD PROJECT—CLAIMS ALLOWABLE. —Where there was no assessment of benefits in a road improvement district, and therefore no ascertainment that the cost of the improvement would come within the assessed benefits to the lands in the district, a contract with a bond dealer for the sale of the district's bond is unenforceable, except as to advances made for preliminary expenses, which, with interest, may be recovered.

3. HIGHWAYS—ABANDONMENT OF ROAD PROJECT—ENGINEER'S FEE.— Where, upon the abandonment of a road improvement, the Legislature directed the commissioners to ascertain the preliminary expenses of the district and to levy a tax to pay the same, an engineer who did preliminary work under a contract which stipulated that the compensation of the engineer should be five per cent. of the cost of construction, of which one per cent. should be paid when plans, specifications and estimates of cost were completed, was entitled to recover only upon a *quantum meruit* basis; and if the per cent. for the entire work provided under the contract was reasonable, it should be accepted as a basis, and a proportionate amount thereof should be allowed for preliminary services.

4. HIGHWAYS—EXPENSES OF COMMISSIONERS.—Under Acts 1920 No. 114, § 5, allowing to highway commissioners of a certain district $5 for each day devoted to his duties," and § 7, providing that the board may incur other necessary expenditures, *held*, that the commissioners could not charge the district for their personal expenses while attending board meetings, but that if any commissioner should be called upon to transact business for the district not included in his personal duties in attending meetings of the board and should incur expenses in performing such duty, he would be entitled to recover therefor.

7. HIGHWAYS—ABANDONMENT OF ROAD IMPROVEMENT—ATTORNEY'S FEE.—Where a road improvement district employed an attorney for a lump sum for all services to be rendered in relation to preliminary as well as permanent work of the district, upon the abandonment of the work, the contract can be regarded only as evidentiary of the value of his preliminary services, and not effective for any other purpose.

Appeal from Howard Chancery Court; *Jas. D. Shaver,* Chancellor; reversed and affirmed.

*Coleman, Robinson & House,* for appellants.

The commissioners were justified in charging their expenses for railroad fare, auto hire and hotel bills to the district. Acts 1919, No. 243, §§ 5-7. The expenses were incurred in good faith. The allowance to James Gould, under § 2 of the act, was final and binding. No right of appeal was given. 1 L. R. A. (N. S.) 438; 50 do. 233; 127 N. W. 226. The act of 1920 providing for the payment of damages, in addition to preliminary expenses, on dissolution of the district, was valid. The engineer's fee should be estimated by the proportion of the work done as compared with the contract. 115 Ark. 445; 127 Ark. 14. Under the testimony the engineer was entitled to judgment for 2 1-2 per cent of the total fee, which was the amount allowed by the board of commissioners.

*W. P. Feazel* and *W. C. Rodgers,* for appellees.

The statute (§5) fixed a *per diem* for the commissioners. No provision is made for their "expenses." The expenses of the district are rigidly circumscribed and strictly limited to matters and things specifically and expressly mentioned in the act.

Any contract which Judge Gould made with reference to a sale of bonds for the district was made before there was an assessment of benefits, and was void. The allowance to Judge Gould for $35,000, to the extent of the excess of the preliminary expenses of the district, was *ultra vires.*

The contract of the engineer with the board provided that he should receive one per cent. of the estimated cost when the plans, specifications and estimates are complete. The engineer is bound by the contract.

Allowance to Mr. House of $1000 as attorney's fee was improper. $250 for the nominal services shown would be an outside figure.

HUMPHREYS, J. This suit was instituted in the How-

ard Chancery Court by appellees against appellants, to set aside settlements made by the Board of Commissioners of Howard County Road Improvement District No. 2 with certain of the appellants, for services rendered by them to the district, expense allowance to said commissioners, and to prevent the collection of taxes from the landowners in said district to pay same. The district was created by Special Act No. 243, General Assembly of 1919. The act permitted an abandonment of the district at any time. On account of local opposition, the commissioners suspended work before it was ascertained that the benefits to the property in the district were equal to, or exceeded, the cost of the improvements, whereupon the Legislature passed act No. 114 at its special session in 1920, directing the commissioners to ascertain the preliminary expenses of said district, including damages for the failure of the district to carry out its contracts and to levy a tax against the real estate in the district, in accordance with section 12 of the act creating the district, to pay same.

Subsequent to the organization of the district, and before any assessment of benefits was laid on the land in the district, the commissioners entered into a contract for the sale of bonds with James Gould, and employed an engineer and attorney. The contract with James Gould for the sale of the bonds contained the following clauses:

"First party hereby sells and agrees to deliver to the party of the second part serial bonds of said improvement district in an amount as is authorized under the special act creating said district, minimum of four hundred thousand dollars and a maximum of seven hundred thousand dollars, at a price of $1.02, said bonds to mature within a period of twenty-five years and to be dated the first day of May, 1919, and shall bear interest at the rate of six per cent. per annum semi-annually, New York City payment.

\* \* \* \* \* \*

"That as soon as the board of commissioners has delivered to said James Gould, party of the second part, a written opinion of.............................................:...or Geo. B. Rose, attorneys, with the board of commissioners, for a right to borrow funds to be expended upon the preliminary work of said road district and upon the execution of a note signed by members of the board of commissioners as commissioners of said district and delivered to the said James Gould, party of the second part, he contracts and agrees to advance to the said board of commissioners the sum of $20,000 in cash, and said commissioners shall execute a note payable to James Gould, party of the second part, to bear interest at the rate of six per cent."

The contract with the engineer contained the following clause:

"The compensation of the party of the second part shall be an amount equal to 5 per cent. of the actual construction cost of all improvements made by the party of the first part, not exceeding in cost $1,000,000, to be paid as follows: One per cent. of the estimated cost when plans, specifications and estimates of costs are completed, 1½ per cent. of the construction costs when the contract is let, and the balance to be paid in installments."

The contract with the attorney was, in substance, for him to render all necessary legal services to the district during the construction of the work for a stipulated amount of $1,000.

Before the work was suspended, James Gould had advanced $20,000 in cash to the board, under his contract, on a note executed to him, bearing interest at the rate of six per cent. All this money, except $7,000, was used in the payment of preliminary expenses. The work progressed to the point where contractors made bids for constructing the improvement. The lowest bid, however, was for $1,260,859.60, considerably in excess of the estimate according to the preliminary survey and estimate, which was for $922,154.14. The contract for the construction of the improvement was not let.

Pursuant to the provisions of the act authorizing the commissioners to settle all preliminary expenses and damages growing out of its contracts, the commissioners settled with James Gould, including damages growing out of his contract, upon the basis of $4,000 for his profits on a tentative sale of the minimum amount of bonds, $18,000 as interest thereof from the date of his contract until the date of settlement, and $13,000 at that time unpaid upon the advance of $20,000 in cash, making a total balance allowance to him of $35,000, for which they issued the district's notes in denominations of $500 each, bearing interest at the rate of six per cent. per annum from date until paid; also settled with the engineer, H. R. Carter, upon the basis of two and one-half per cent. of the estimate of the cost of the improvement, and, on that basis, allowed him a balance of $14,000, for which amount they executed notes of the district of the denomination of $500 each, bearing interest at the rate of six per cent. per annum from date until paid; also settled with the attorney by allowing him $1,000, the total amount of his contract, for which they issued the notes of the district, bearing the same rate of interest.

In addition to the settlements and allowances aforesaid, the commissioners allowed themselves expenses covering the items of railroad fare, auto hire and hotel bills incurred while attending meetings of the board and performing other services for the district.

Upon a hearing of the cause in the chancery court, the allowance to James Gould was reduced to the actual amount of money advanced by him, with interest thereon, the allowance to the engineer to one per cent. on the estimated cost of the improvement, approved the allowance to the attorney and disapproved the allowance to the commissioners for expenses. Appellants have prosecuted an appeal from the decree of the court, in so far as it was adverse to them, and appellees have prosecuted a cross appeal from the allowance of the attorney's fee.

The first insistence of appellants is that act No. 114,

Acts of the General Assembly of 1920, constituted the commissioners of said district a judicial tribunal without right of appeal, to finally adjudicate the preliminary expenses and all damages resulting on account of contracts entered into by the district, which it failed to carry out. We find no language in the act susceptible of this construction. The act simply directs the board to ascertain the amount due by the district for preliminary expenses and damages growing out of any of the contracts entered into by the board, to collect the amount from the landowners in the district and to pay said claims. The act does not pretend to authorize the board to sit as a court in making the ascertainment and settlement.

While much weight must be given to settlements made by the board under the act, they can not be regarded as final. The effect of the ascertainment and settlement necessarily casts upon the landowners in the district the burden of showing that the allowances were inequitable and unjust.

The next insistence of appellants is that the court erred in reducing the allowance of James Gould to the actual amount advanced, with interest thereon, for the purpose of paying preliminary expenses. This must depend upon the construction given the contract for the sale of the bonds. There is no express provision in the statute prohibiting the making of such a contract before the benefits to the lands in the district have been assessed, but, under the authority of *Cherry* v. *Bowman,* 106 Ark. 39, and the later cases of *Thibault* v. *McHaney,* 119 Ark. 188, and *Thibault* v. *McHaney,* 127 Ark. 1, contracts for permanent construction remain in abeyance and do not become effective until an assessment of benefits has been made for the purpose of ascertaining whether the cost of the improvement will exceed in value the assessment of benefits against the lands. The contract for the bond issue in the instant case related to the procurement of money for the permanent construction, save and except the amount of $20,000 agreed to be ad-

vanced for preliminary work. Save for the money actually advanced to pay for preliminary work, the contract must be characterized as an unenforceable contract until the contingency upon which it was based happened—that contingency being that, before becoming a binding and effective contract, it must be ascertained by an assessment of benefits that the cost of the improvement does not exceed the benefits to the lands in the district.

In the instant case, there has never been an assessment of benefits, and therefore no ascertainment that the cost of the improvement would come within the assessed benefits to the lands in the district. It follows from this construction of the contract, as related to the facts in the case, that the court was correct in reducing the allowance by the commissioners to the amount of money actually advanced for preliminary costs, together with interest thereon, for damages are not recoverable growing out of an ineffective, unenforceable contract.

The next insistence of appellants is that the court erred in reducing the allowance of the engineer to one per cent. of the estimated cost of the preliminary work. This reduction was made by the court under the construction given to the contract to the effect that one per cent. on the estimated cost of the improvement was the contract price between the parties for all necessary preliminary engineering work of the district. This was an incorrect interpretation of the contract. The one per cent. clause in the contract related to the time such installment should be paid, and not in full payment for the services rendered to that date. Such construction was placed upon a contract of the same tenor and effect in the case of *Morgan Engineering Co.* v. *Cache River Drainage District,* 115 Ark. 437. A majority of the court are of the opinion that a contract for engineering and attorney's services, entered into before an assessment of benefits has been made, providing a total per cent. of the assessed cost of the improvement, or for a total amount for all services relating to preliminary as well as per-

manent work of the district, can not be regarded as effective in arriving at the value of the preliminary services, except as evidentiary. The Chief Justice and the writer are of the opinion that the same effect should be given to this contract as was given to. the contract in *Morgan Engineering Co.* v. *Cache River Drainage District, supra,* —that is to say, if the contract provided for a total per cent. of the estimated cost of the construction as remuneration and the per cent. provided was reasonable for the whole work, it should be accepted as a basis and a proportionate amount. thereof should be allowed the engineer or attorney for preliminary services rendered by him. The majority view results in the application of the *quantum meruit* rule in arriving at the value of the preliminary services of the engineer in this case. The chancellor tried the case upon the theory that the one per cent. provided in the contract covered the value of all preliminary services rendered by the engineer. This constitutes reversible error. In the application of this rule, it would be proper to consider, along with all the other evidence in the case, the actual cost of the preliminary services rendered. The evidence was not fully developed in that respect. It is unnecessary to reiterate the rule and character of evidence admissible in the proper ascertainment of the value of the engineer's fees, as both were fully discussed in the case of *Thibault* v. *McHaney, supra.*

The next insistence of appellants is that the court erred in disallowing the allowance made by the board for the expenses incurred by the members thereof. Section 5 of the act creating the district provides that "each of the commissioners shall receive as their compensation the sum of $5 for each day devoted to his duties." As the section makes no provision for personal expenses while discharging his duties in attending board meetings, any member of the board must necessarily bear his own expenses when thus engaged. Section 7, however, of the act provides that the board may incur other necessary

expenditures which shall be treated as a part of the cost of the improvement. Should any member of the board, however, be called upon to transact business for the district, not included in his personal duties in attending meetings of the board, and, in performance of the duty, incurred necessary expenses, such expenses should be treated as a part of the cost of the improvement and be governed by the authority vested in the board to incur other necessary expenditures. Nothing·in the views now expressed on the subject conflicts with the decision of this court in *Tallman* v. *Lewis*, 124 Ark. 6, where we held that a contract between an improvement district and one of its commissioners for the performance of services by the latter outside of his duties as such commissioner, was void, and that he was not entitled to compensation for such services nor for his expenses in performing them. We adhere strictly to the rule there announced in that case, but we hold that there is a distinction between expenses incurred by a commissioner under a void contract and expenses incurred at the instance of the board of commissioners by one or more of its members in the performance of the duties of the board. This rule was not applied by the chancery court, nor was evidence adduced with this rule in view. It will perhaps be necessary to more fully develop the evidence in this regard.

On direct appeal, the decree will be affirmed as to the allowance made to James Gould, and reversed as to the allowance to the engineer and disallowance of expenses to the commissioners, with leave to all parties to introduce additional evidence upon these issues.

Appellants, in the cross-appeal, insist that the court erred in allowing the attorney a fee of $1,000. The court based the allowance upon the contract. The contract for attorney's fees is upon like basis of the contract for engineering fees. The contract was for a total sum of $1,000 for services to be rendered in relation to preliminary as well as permanent work of the district. The contract can only be regarded as evidentiary and

not effective for any other purpose for the reason that the work was suspended in the preliminary stage. The *quantum meruit* rule is applicable to the services of an attorney. The chancellor erred in enforcing the contract as a whole, and, for that reason, the decree must be reversed and remanded with directions to allow both parties to introduce further evidence under the *quantum meruit* rule.

Justices WOOD and HART dissent in part.