PRITCHETT *v.* ROAD IMPROVEMENT DISTRICT No. 4.

Opinion delivered April 16, 1923.

1.  HIGHWAYS—ABANDONMENT OF ROAD PROJECT—ENGINEER'S COMPENSATION.—Where a road improvement district, before there was an assessment of benefits, entered into an agreement with an engineer to do the whole of the engineering work, both preliminary and constructive, and agreed to pay him seven per centum of the cost of the improvement, one-half of which was to be paid upon completion of the preliminary plans and estimates, and the project was abandoned after the preliminary plans and estimates were made, the contract was premature, and can be considered only as evidence of the value of the services performed in preparing the preliminary plans and estimates.

2.  HIGHWAYS—ABANDONMENT OF ROAD IMPROVEMENT—VALUE OF ENGINEER'S SERVICES.—Where employment by a road improvement

district of an engineer was made before an assessment of the benefits, in a suit by him to recover on a *quantum meruit* for the value of his services in preparing the preliminary plans and estimates, the court properly instructed the jury that, in determining the reasonable value of the services performed by the engineer, consideration should be given to the amount of work done and expenses incurred by the claimants in doing the work, including the cost of labor and salaries paid to employees, expenses incurred by employees, the purchase of tools and materials with which to do the work, office expenses necessarily incurred, as well as personal compensation to the engineer for for work done by him and a profit on the expenditures made by him.

3. NEW TRIAL—VERDICT NOT SUPPORTED BY EVIDENCE.—Where the verdict of a jury arbitrarily fixed the amount of an engineer's compensation at a sum much less than the undisputed testimony showed that the engineer was entitled to, the verdict will be set aside and a new trial ordered.

Appeal from Van Buren Circuit Court; *J. M. Shinn*, Judge; reversed.

*Coleman, Robinson & House*, for appellant.

Appellant was entitled to recover compensation for services as engineer for the district for preliminary work under the contract, the amount of the certificate of indebtedness issued. There is no denial that the work was not properly done, nor any evidence at all that the amount sought to be recovered was not reasonable or earned. Court erred in not directing a verdict for full amount of claim.

No brief for appellee.

MCCULLOCH, C. J. Road Improvement District No. 4 of Van Buren County was created as an improvement district by special act of the General Assembly of 1919, and, in pursuance of the terms of the statute, plans were made for the improvement of the road mentioned, and a contract was entered into between the district and appellants, Pritchett & Hight, for the engineering work. The contract provided for a commission to the engineers of seven per centum of the cost of the improvement, fifty per centum of which was to be paid upon completion of

the preliminary plans and estimates.  Appellants did all of the preliminary work, and the plans and estimates were adopted, and the commissioners gave appellants a certificate of indebtedness in the sum of $3,387.19 as evidence of their earned compensation under the contract. The assessors completed the work of assessing the benefits, and the list was filed with the county court, but was never approved, and there was never any contract let for the construction of the improvement.

The General Assembly, at the session of 1921 (act No. 501), repealed the former statute creating the district, and provided that claims should be filed, as in actions on account, in the circuit court of the county within six months after the passage of the statute, and that, upon the allowance of all claims against the district, sufficient taxes should be levied to pay the claims.  The statute also provided that claims, when filed, should be heard and determined by the court "as in suits on account."  It was also provided by the statute that, after the allowance of all claims, a tax should be levied and extended upon the real property in the district, based upon the assessed value for State and county purposes, sufficient to pay off the claims.

Appellants filed their claims in the circuit court in the amount stated in the certificate of the board of commissioners, $3,387.19.  There was a trial of the issues before a jury, and a verdict was returned fixing the amount of recovery on the claim in favor of appellants in the sum of $1,600, and judgment was rendered accordingly, but appellants, being dissatisfied with the amount allowed, have duly prosecuted an appeal to this court.

There was no separate contract between the district and appellants for the preliminary work, but the contract embraced the whole of the engineering work, both preliminary and constructive.  The contract was entered into before there was an assessment of benefits so as to determine whether or not the improvement could be constructed, and it was therefore premature.  The con

tract must therefore be considered only as evidence of the value of the services performed in preparing the preliminary plans and estimates. *Gould* v. *Toland,* 149 Ark. 476; *Bowman Engineering Co.* v. *Arkansas-Missouri Highway District,* 151 Ark. 47.

The court in its instructions properly declared that the written contract could only be considered for that purpose, in connection with other proof tending to show the actual value of the services performed. The court further told the jury that, in determining the reasonable value of services performed by appellants, consideration should be given to the amount of work done and expenses incurred by the claimants in doing the work, including the cost of labor and salaries paid to employees, expenses incurred by employees, and the purchase of tools and materials with which to do the work, and also office expenses necessarily incurred, as well as personal compensation to appellants for the work done by themselves, and a profit on the expenditures made by them. The instructions of the court were in accord with the views expressed here on this subject in numerous decisions of the court, and no objections have been urged against the instructions. The only contention is that the verdict was contrary to the undisputed evidence.

The trial below was one at law, and in passing upon the question of the sufficiency of the evidence to sustain the verdict we must, in accordance with the rule often announced, give the evidence its highest probative force in support of the verdict.

One of the appellants testified as a witness and stated in detail the amount and kind of work done, the number of men engaged in the work under their employment, and the length of time of the service, and also stated in detail all the expenditures for work in the field and in the office. The testimony of the witness showed that the actual cost, including the expense of the field work and the office work, amounted to $3,026.03, and that this did not include any personal compensation to appellants for their own services. The contract was intro

duced in evidence, and also the certificate of indebtedness issued by the board to appellants.

Appellants introduced as a witness another engineer, Hugh Carter, who testified that he was familiar with the territory in which this work was done, and was also familiar with the character of work done, and the necessary cost and expenses of doing it, and the value, and he stated that it was worth $200 per mile to do the work in that kind of territory. He testified that the percentage allowed by the contract was a fair compensation for the work, and that one-half of the stated compensation was earned on completion of the preliminary work. It appears from the undisputed testimony that the road to be improved was twenty-eight miles in length and that the estimated cost of the improvement was $105,000.

Our conclusion is that the amount of compensation was arbitrarily fixed by the jury at a sum much less than the undisputed testimony showed that appellants were entitled to, and that the verdict of the jury is not supported by the evidence.

The contract itself, fixing the amount of compensation, and the certificate issued to appellants by the board of commissioners after the completion of the work, were of considerable probative force in aiding the jury in fixing the award of compensation. In addition to this, Pritchett, one of the appellants, testified in detail concerning the extent of the work done and its cost, and showed that the actual cost of the construction would amount to over $3,000. Then another witness, who is not interested in this controversy, supported appellant's case by testifying as to his familiarity with that kind of work and his knowledge of the territory in which the work was to be done, and showing that the value of the services would be substantially what appellants were claiming. There was no testimony offered against this. No testimony at all was introduced by appellee.

The jury had no right to reject the testimony introduced by appellants and fix the award at less than what the testimony shows was the actual cost of the work.

There is no attempt to show here that the services performed by appellants were unsatisfactory, or that they resulted in plans and specifications which were not adapted to use in preparing for the construction of the improvement; nor was there any attempt to show that the value of the services was other than as claimed by appellants. We do not ignore the rule that the jury is not bound to believe the testimony of one of the parties to a suit or one interested in the result (*Skillern* v. *Baker*, 82 Ark. 86), even though not contradicted by direct testimony, but in the present case we have, as before stated, the effect of the contract and the certificate fixing the amount of the compensation, as well as the testimony of one of the plaintiffs, and the testimony of a witness who is not shown to be interested in this controversy. There is no contradiction offered, and we think that the jury was not justified in disregarding this testimony.

The judgment is therefore reversed, and the cause is remanded for a new trial.

Hart, J., dissents.