## GOLDSMITH *v.* WRIGHT.

Opinion delivered April 26, 1926.

1. HIGHWAYS—LIABILITY TO COMMISSIONER.—Where a special act creating a road improvement district provided for the election by the board of commissioners of a secretary, but did not prohibit the board from employing one of their members in that capacity, the district will be liable on a *quantum meruit* for the services of a member so elected.

2. HIGHWAYS—RECOVERY OF EXCESSIVE PAYMENTS—BURDEN OF PROOF —In a suit by taxpayers to recover alleged excessive and erroneous payments made by a road improvement district to one of its commissioners who acted as secretary, the burden was on the taxpayers to show that such excessive and erroneous payments were made.

3. HIGHWAYS—RECOVERY OF EXCESSIVE PAYMENTS TO COMMISSIONERS. —In a suit by taxpayers of a road improvement district to recover excessive payments to a commissioner of the district, the recovery inures to the benefit of the district, and not to that of the taxpayers.

Appeal from Jefferson Chancery Court; *H. R. Lucas,* Chancellor; judgment modified.

*Coleman & Gantt,* for appellant.

*Toney & Smith,* for appellee.

SMITH, J. This is a suit brought by certain taxpayers owning lands in Road Improvement District No. 1, of Jefferson County against E. G. Goldsmith, a commissioner of the district, to recover from him certain amounts alleged to have been erroneously paid him for services as secretary of the board of commissioners, and for damages to his lands by the construction of the road, and certain other items.

The district was created by a special act of the 1921 General Assembly, and, upon the organization of the board of commissioners therein named, appellant was elected secretary and treasurer of the district. After the completion of most of the road and the expenditure of all the money derived by the district from the sale of bonds, the taxpayers, who were the plaintiffs below, brought this suit against all the commissioners to recover large sums of money which it was alleged the com-

missioners had wrongfully allowed to themselves and converted to their own use. A nonsuit was taken against all the commissioners except the appellant Goldsmith, and the case proceeded to a decree against him.

The principal items in controversy are the salary of appellant Goldsmith as secretary of the district, and certain damages for right-of-way for the road to be improved which the commissioners allowed and paid him.

It is agreed that appellant was entitled to be compensated for his services only on a *quantum meruit* basis, but it does appear that he was entitled to compensation on that basis.

The special act under which the commissioners proceeded provided for the election of a secretary, and prescribed certain duties for him to perform. The act did not prohibit or make it unlawful for the board of commissioners to employ one of its members in a contractual relation, nor did it provide for any oath of office for the secretary to take. Appellant was not required to make oath, as an incident to his qualification as secretary, that he would not be concerned in any contract with the district of which he was a commissioner. Had it done so, appellant would not have been entitled to recover anything for services performed under his contract. Such is the effect of the following cases: *Tallman* v. *Lewis,* 124 Ark. 6; *Hill* v. *Cruce,* 146 Ark. 61; *Gould* v. *Toland,* 149 Ark. 476; *Holcombe* v. *Kennedy,* 158 Ark. 585; *Carter* v. *Bradley County Rd. Imp. Dists. 1 and 2,* 155 Ark. 288; *Carter* v. *Bartholomew Rd. Imp. Dist.,* 156 Ark. 413.

The service as secretary for which appellant seeks to charge comes within the rule announced in the cases of *Spearman* v. *Texarkana,* 58 Ark. 348; *Frick* v. *Brinkley,* 61 Ark. 397; *Smith* v. *Dandridge,* 98 Ark. 38.

The court below held that appellant was entitled to recover on a *quantum meruit* for his services to the district as secretary, and that a fair compensation would be $50 per month. Neither side complains about this allowance, the point of difference being the length of time for which the salary should be paid.

The court held that an excess of $700 had been paid appellant as salary, and.that from 5-19, 1922, to 11-29, 1922, appellant had been paid salary of $475, whereas, at $50 per month, he should only have been paid $316.66, and that $158.34, the difference between these amounts, also represented an excess of salary.

The court also held that appellant had been improperly paid as damages $290, and judgment was rendered for the recovery of. the these three items, $700, $158.34 and $290, totaling $1,148.34, with interest thereon amounting to $138.

We do not think the disallowance of the $700 item is clearly against the preponderance of the evidence, as the showing is made that for the 14 months for which this salary was charged appellant performed practically no service.

But we do think the charge of the item of $158.34 is against the preponderance of the testimony. The theory on which this charge was made appears to be that, on 5-19, 1922, a salary warrant was drawn in appellant's favor, and on the last named date another salary warrant for $475 was drawn in his favor. If there were no basis for drawing this warrant except the salary earned between those dates, then it was excessive to the extent of $158.34, and should have been charged against appellant. But appellant's salary vouchers were not drawn at the end of each month, and, if this deduction of $158.34 is made, he will not be paid for all the time devoted by him to his duties as secretary, and this charge against appellant is disapproved.

We think also the court was in error in charging appellant with the $290 as being in excess of the sum which should have been paid him as damages. The road ran through appellant's land for a distance of about half a mile, and there was an embankment several feet high which had to be thrown up in the construction of the road, and the dirt used for that purpose was excavated from appellant's land, leaving the borrow-pits from which the earth had been taken, and to do this a number of wal-

nut trees had to be cut down. This damage was agreed upon by appellant and the other commissioners, as amounting to $500, and had been paid, and we think there was no showing of fraud or collusion in fixing the damage. Two hundred dollars of the damage for this item is not questioned, but the court held that appellant had been paid $290 in excess of his actual damage. We do not think the testimony supports that finding.

It will be remembered that this is not a suit by appellant against the district for damages, but is a suit on the part of taxpayers to recover alleged excessive and erroneous payments, and the burden was therefore upon them to show that excessive and erroneous payments had been made.

It follows from what we have said that the court was in error in charging appellant with the items of $158.34 and $290, and the judgment against him will be reduced by the total of those items.

The decree of the court below recites that the taxpayers should recover this excess from appellant. This was, of course, a mere misprision. The taxpayers were suing for the benefit of the district, and the recovery inures to its benefit, so the decree will be further modified to recite that the recovery is for the benefit of the district.

As thus modified, the decree of the court below will be affirmed.