## AMANDA M. HAYGOOD v. GEORGE N. HAYGOOD.

In suits for divorce, notwithstanding the verdict for the plaintiff, the court may render a judgment in favor of the defendant.

In such a case, if the plaintiff believes that his or her case can be strengthened by additional testimony, the proper remedy is to apply for a new trial after the announcement by the judge of his dissatisfaction with the verdict.

In this case, there being no statement of facts whereby the merits of the case may be seen, this court will presume that the judge correctly disregarded the verdict.

APPEAL from Shelby. Tried below before the Hon. A. W. O. Hicks.

This suit was brought by the appellant, who assigns as error

Haygood v. Haygood.

the rendition of judgment for the defendant, notwithstanding the verdict in her favor. The other facts of the case are sufficiently stated in the opinion.

*H. G. Hall*, for the appellant.

ROBERTS, J.—This was a suit for a divorce. A verdict was rendered for the plaintiff below. Notwithstanding the verdict, the court rendered a judgment in favor of the defendant, which is assigned as error. This action of the court is warranted by the duty imposed on the court by our Statute of Divorce, which authorizes the decree to be "rendered upon full and satisfactory evidence," &c. This, it has been held, requires the evidence to be satisfactory to the judge, as well as to the jury. It must be presumed, from the judgment rendered, that it was not satisfactory to the judge. If the plaintiff had believed that she could have increased the weight of the testimony in her favor, she should have applied for a new trial after the judge had announced his dissatisfaction. All the questions arising in this case were fully considered and decided in the case of Moore v. Moore, 22 Tex. R., 237. (O. & W. Dig., Art. 610.)

There is no statement of facts, and therefore the merits of the case as it was tried below do not come before us.

The court below having the power to disregard the verdict, and enter the judgment, we must presume it to have been done correctly—nothing appearing to the contrary,

Judgment affirmed.