WIEDNER v. WIEDNER. (No. 696.)

(Court of Civil Appeals of Texas. Beaumont. May 20, 1921.)

1. Divorce 🔑55—Cruelty must not approach mutuality.

Divorces sought for on ground of cruelty will not be granted where the cruelty approaches mutuality and both have indulged therein.

2. Divorce 🔑127(2)—Court not required to accept uncontradicted testimony of party in divorce action.

In an action by husband for divorce on the ground of cruelty, failure of defendant to deny charges made by the plaintiff raised no presumption in favor of the truthfulness of plaintiff's testimony, and, plaintiff being only witness to that fact, court was not required to accept his testimony as true, under Rev. St. 1911, art. 4633.

Appeal from District Court, Milam County; John Watson, Judge.

Suit by W. Wiedner against Louisa Wiedner. Judgment for defendant, and plaintiff appeals. Affirmed.

E. A. Wallace, of Cameron, for appellant. John A. Jones and U. S. Hearrell, both of Cameron, for appellee.

WALKER, J. [1] Appellant filed this suit against his wife, praying for divorce and for partition of certain property which he alleged was community. On a trial to the court without a jury, the divorce was denied, and no order was made affecting the property. This case, on its facts, comes clearly within the rule announced in Haygood v. Haygood, 25 Tex. 576; Beck v. Beck, 63 Tex. 34; Jones v. Jones, 60 Tex. 451; Hale v. Hale, 47 Tex. 336, 26 Am. Rep. 294; Bohan v. Bohan, 56 S. W. 959, denying divorces where the parties are guilty of recrimination. As said by Chief Justice Willie, in Beck v. Beck, supra:

"The cruelty must not approach to mutuality, nor be exercised sometimes by the one and sometimes by the other, though differing somewhat in degree."

[2] By her testimony and that of her witnesses, appellee fully controverted the charges that she had attempted to poison appellant and that she had been guilty of improper conduct with other men. If he is correct in his construction of the record that appelleee did not deny that she had struck him, he is the only witness to that fact, and the court was not required to accept his testimony as true. The failure of the defendant to deny charges made by the plaintiff in divorce proceedings raises no presumption in favor of the truthfulness of plaintiff's testimony. R. C. S. 1911, art. 4633. On the facts of this record, we think the decree was properly denied. This disposition of the divorce question leaves nothing before us regarding the property issue.

The judgment of the trial court is in all things affirmed.

---

⪧For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes