SOUTHERN CRAWFORD ROAD IMPROVEMENT DISTRICT
v. BROWN.

Opinion delivered December 18, 1922.

1. HIGHWAYS—VALIDITY OF STATUTE CREATING ROAD DISTRICT.—The act of Ex. Sess. of 1920, creating the Southern Crawford Road Improvement District, which included a portion of Road Improvement District No. 5 of Crawford County, organized under the general statutes (Crawford and Moses' Dig., § 5399 *et seq.*), was not invalid in so far as it imposed the cost of preliminary work done in the old district and accepted by the new district as a charge against the new district.

2. HIGHWAYS—STATUTE PROVIDING FOR ASSESSMENT FOR PRELIMINARY WORK.—The act of the Ex. Sess. of 1920 creating the Southern Crawford Road Improvement District was not unconstitutional in providing that if the improvement was not made the preliminary expenses should be a first lien upon all the land in the district, and should be paid by levying a tax upon the assessed value for State and county taxation.

3. HIGHWAYS—AUTHORITY TO CONSTRUCT MACADAM ROAD.—The Act of Ex. Sess. of 1920, in authorizing the Southern Crawford Road Improvement District to make plans "for the improvement of such roads by grading, draining, rolling and otherwise improving them as in the judgment of said commissioners may be deemed best", etc., authorized macadam surfacing.

4. CONSTITUTIONAL LAW—DELEGATION OF LEGISLATIVE POWER.—The Act of the Ex. Sess. of 1920, authorizing the commissioners of the Southern Crawford Road Improvement District to determine the method and extent of improvement of the road described therein, was not a delegation of legislative power.

5. HIGHWAYS—MONEY BORROWED FOR PRELIMINARY EXPENSES.—Where a road improvement project is not carried out because found to be too expensive, it was not error to allow the claim of a bank for money loaned to the Commissioners to pay preliminary expenses.

Appeal from Crawford Chancery Court; *J. V. Bourland,* Judge; reversed in part.

*C. M. Wofford,* for appellants.

Sec. 25 of act 235 Acts of special session of 1920 is constitutional, as is also sec. 29 of said act. The legislative determination of benefits is conclusive.

*Starbird & Starbird,* for appellees.

The commissioners have no power other than that conferred by statute. 115 Ark. 96. The words "otherwise improve" limited the power of the commissioner to other improvements of the general class of those named. 36 Cyc. 1119; 73 Ark. 602; 95 Ark. 114. Those contracting with the commissioners are bound to take notice of the extent of their authority.

*C. M. Wofford, Coleman, Robinson & House* and *Daily & Woods,* for appellants, in reply.

The entire class of improvements was exhausted by the kinds named. The commissioners had full power

to enter into the contracts.   36 Cyc. 1119; 123 Ark. 68;
147 Ark. 80.

McCULLOCH, C. J.   A road improvement district
was organized in Crawford County under the general
statutes (Crawford & Moses' Digest, § 5399 *et seq.*),
designated as Road Improvement District No. 5 of
Crawford County, for the improvement of certain
roads, and some of the preliminary work preparatory
to constructing the roads was performed, but before the
construction work was begun the General Assembly, at
the extraordinary session in January, 1920, enacted a
special statute creating a road improvement district des-
ignated as Southern Crawford Road Improvement Dis-
trict of Crawford County for the improvement of cer-
tain roads, which included a portion of the road au-
thorized by District No. 5.

Section 29 of the statute just referred to reads as
follows:

"Road Improvement District No. 5 of Crawford
County is hereby abolished.   It is ascertained and here-
by declared that the preliminary work of said district
is worth to the district hereby created the amount of the
cost thereof, and the district hereby created will pay the
indebtedness of said Road Improvement District No. 5,
not to exceed five thousand dollars."

Another section of the statute (sec. 25) reads as
follows:

"In case, for any reason, the improvement contem-
plated by the district is not made, the preliminary ex-
penses shall be a first lien upon all the land in the dis-
trict, and shall be paid by a levy of a tax thereon upon
the assessed value for county and State taxation, which
levy shall be made by the chancery court of Crawford
County, and shall be collected by a receiver to be ap-
pointed by the court."

The commissioners of the new district created by
the special statute proceeded with the preliminary work
and adopted some of the preliminary expenses incurred
for District No. 5, principally for engineering expenses

in making preliminary surveys and preparing plans, the value of which was ascertained in the present litigation to be the sum of $4,609.90. An assessment of benefits was duly made by the assessors, in accordance with the terms of the statute, and filed, but it was ascertained from the assessments that it was impracticable to construct the improvement, by reason of the excessive cost, and the commissioners filed a complaint in the chancery court of Crawford County, in accordance with § 25 of the statute creating the district, for the purpose of winding up the affairs of the district and paying the preliminary expenses.

Those holding claims against the district for preliminary work filed their respective claims with the court. These included the claims of the engineers and others who had performed preliminary work for the district.

During the progress of the preliminary work, certificates of indebtedness were issued to the engineers for services performed, and these certificates were assigned to other parties, who also intervened as claimants.

The commissioners borrowed $8,000 from a banking institution for use in the payment of preliminary expenses, and it was so used, and that institution also intervened for an allowance of its claim.

Appellees, who were the owners of real property in the district, intervened and not only contested the claims of those who had performed work, but also attacked the constitutionality of the two sections of the statute quoted above. On final hearing the court decided that both of the above-quoted sections of the statute were unconstitutional and void, and made a finding as to the amounts to which the claimants for the value of preliminary work were entitled on a *quantum meruit*, and also for the amount of money borrowed for use in preliminary work, and decreed the same as charges against appellant district, and ordered a levy upon the assessed benefits, and not upon the assessed value for State and county taxation, as provided in sec. 25 of the

statute. The court allowed the claimants less than the amounts of their claims, but they have not appealed.

The district appeals from that portion of the decree which declares the sections of the statute referred to unconstitutional and disallows the claims for expenses incurred by the old district; and the interveners (appellees) appealed from that portion of the decree which adjudged the payment of the other preliminary expenses.

The court erred in its decision declaring unconstitutional and void the sections of the statute referred to above, and in disallowing expenses incurred by the old district.

The effect of § 29 was to constitute the new district, in part, a successor to the old district for the purpose of constructing a portion of the same improvement, and it was not beyond the legislative authority to impose the cost of the preliminary work theretofore done in the old district and accepted by the new district as a charge against the new district. The statute constituted a legislative determination that the new district would receive benefit from the preliminary work done in the old district, which was abolished by the statute, and there is nothing to show that this determination was arbitrary. There is no dispute as to the value of the work done for the old district nor that the new district was benefited by the part of the work which was accepted.

The question of the validity of § 25, providing for the method of imposing assessments for preliminary work in case the purposes of the district failed and the contemplated improvement was abandoned, falls within the decision of this court in *Neterer* v. *Dickinson & Watkins,* 153 Ark. 5, where we held that it was within the power of the Legislature to provide for the payment of preliminary expenses by assessments on the lands of the district in proportion to the assessment for general taxation purposes.

This conclusion calls for a reversal of the decree on the appeal of the district.

Appellees contend on their appeal that the preliminary expenses incurred for engineering and other purposes were void because the work was not done within the scope authorized by the statute. Section 3 of the statute provided that the commissioners should make plans "for the improvement of such roads by grading, draining, rolling and otherwise improving them as, in the judgment of said commissioners, may be deemed best, and by the building of such bridges and culverts as they found essential." The preliminary plans for engineering work called for forty miles of macadam road and forty-eight miles of dirt road, and the contention of appellees is that the statute did not authorize macadam surfacing, but only authorized "grading, draining, rolling." We are of the opinion that this contention is unfounded, for the statute clearly committed to the commissioners the authority to determine the method and extent of improving the roads described, and this was not an improper delegation of authority. It was not a delegation of legislative power, but it merely conferred upon the commissioners the authority to determine the extent to which the roads should be improved. *Nall* v. *Kelley,* 120 Ark. 277.

There is no attack made upon the findings of the court as to the proper amounts of the claims, and the only contention is, as above stated, that the expenses were incurred by the district while attempting to provide for improvement in excess of the authority conferred by the statute. It is contended, however, that the court erred in allowing the claim of the bank for borrowed money used in preliminary expenses. It is proved, and not disputed, that this money was borrowed for the purpose of paying preliminary expenses and was used for that purpose. We have decided that, under similar circumstances, the lender of money is entitled to an allowance against a defunct district. *Gould* v. *Sanford,* 155 Ark. 304.

The portions of the decree from which appellees have prosecuted an appeal are therefore affirmed, but, as before stated, that portion of the decree which declares the sections of the statute to be void and disallows claims for preliminary expenses incurred by the old district is reversed, and the cause is remanded, with directions to enter a decree in accordance with this opinion.