## SNODGRASS v. SNODGRASS. (No. 2248.)

(Court of Civil Appeals of Texas. Amarillo.
Jan. 23, 1924.)

**1. Appeal and error ⬤⇒733—Assignment of error held sufficient in connection with proposition.**

In a suit for divorce, an assignment of error that the court erred in rendering judgment against defendant, and in not rendering judgment in her favor, *held* not too general when followed by the proposition that the matters relied on by plaintiff as constituting cruel treatment were insufficient, and that defendant's general exception should have been sustained.

**2. Divorce ⬤⇒27(18)—Transfer of property by wife to defraud creditors not "cruel treatment."**

That wife conspired with her children by transferring her separate property to them to defraud her creditors, that she was dishonest and would not pay her debts, was not "cruel treatment" contemplated by the statute.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Cruelty.]

Appeal from District Court, Terry County; Clark M. Mullican, Judge.

Suit by W. B. Snodgrass against Mrs. Frances C. Snodgrass. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

G. E. Lockhart, of Tahoka, for appellant.
Geo. W. Neill, of Brownfield, for appellee.

RANDOLPH, J. Appellee filed suit for divorce against appellant in the district court of Terry county. The trial court granted him a divorce, and defendant appeals to this court, and assigns the error only "that the court erred in rendering judgment against the defendant and in not rendering judgment in her favor." This assignment is followed by two propositions, but it is only necessary to give the first, as follows:

"First Proposition. Where the plaintiff sues the defendant for divorce, and relies upon allegations of cruel treatment, in that the defendant had failed to pay her debts, and that the defendant had transferred her separate property to defraud her creditors, and other allegations of like character, these are insufficient, and a general demurrer to plaintiff's petition should have been sustained."

The plaintiff's cause of action, as set out in his petition, is briefly stated as follows: That the plaintiff and defendant were married on a certain date; that defendant was a widow, with two sons and a daughter by a former marriage; that prior to the marriage of plaintiff and defendant, each being possessed of considerable property, they entered into a contract in writing that the separate property of each should retain that status during their marriage, and not in any way become the property of the other; that defendant, in the management of her separate property, borrowed money and incurred debts with the Brownfield State Bank; that she conspired with her children to defraud her creditors, and in pursuance of such conspiracy she deeded her property to her sons and daughter; that he, the husband, signed such deed with her on her representation and on the representation of her children that they would pay her debts; that she had refused to pay such debts and was being sued by her creditors; that he, plaintiff, is a man of property, and that he has always lived up to his promise, carefully protected his credit, and scrupulously guarded his reputation for honesty and promises in business matters; and that the action and conduct of defendant were dishonest, etc., and against plaintiff's advice and wishes, are vexatious and intolerable to him, causing him mental anguish and embarrassment personally, as well as in business, and is of such a nature as to render their living together as husband and wife insupportable.

The defendant excepted generally to the petition, and her exception was overruled by the trial court.

[1] The appellee, plaintiff below, objects to our considering appellant's assignment because it is too general. It will appear from the above statement that the assignment is followed by an appropriate proposition, clearly presenting the error complained of; that is, that the plaintiff, relying upon allegations of cruel treatment, and such cruel treatment being specifically alleged, as defendant's failure to pay her debts, and that she had transferred her separate property to defraud her creditors, are insufficient, and that the general exception should have been sustained. This objection should be overruled. G., C. & S. F. Ry. Co. v. Walters, 49 Tex. Civ. App. 71, 107 S. W. 372; Land Co. v. McClelland, 86 Tex. 181, 23 S. W. 576, 1100, 22 L. R. A. 105; Priddy v. Childers (Tex. Civ. App.) 248 S. W. 145; Rone v. Marti (Tex. Civ. App.) 244 S. W. 641; Morrison v. Neely (Tex. Com. App.) 231 S. W. 730.

[2] The cruel treatment alleged in the petition practically amounts to the charge that the wife conspired with her children by transferring her separate property to them to defraud her creditors, and was dishonest, and would not pay her debts. Such conduct does not come within the definition of cruel treatment contemplated by the statutes. It may be true that the plaintiff has always paid his honest debts, and has maintained his character as one who meets every promise, and has been greatly humiliated, but this alleged cruel treatment was not direct-

ed toward, or, so far as the allegations and evidence go, intended for the husband, and is not of such a character as would ordinarily affect the health of a robust man, and the evidence does not strongly disclose that plaintiff's health was seriously impaired. Bolt v. Bolt (Tex. Civ. App.) 199 S. W. 309; Sheffield v. Sheffield, 3 Tex. 79; Claunch v. Claunch (Tex. Civ. App.) 203 S. W. 931; Eastman v. Eastman, 75 Tex. 473, 12 S. W. 1107.

We hold that the general exception should have been sustained, and hereby reverse the judgment of the trial court, and remand the cause to the trial court for another trial.