JAMES *v.* BOARD OF COMMISSIONERS GREENE AND CRAIGHEAD COUNTIES DRAINAGE DISTRICT.

Opinion delivered April 11, 1927.

1. DRAINS—SUFFICIENCY OF PROOF OF CLAIMS AGAINST DISTRICT.—Under Sp. Acts 1921, p. 1159, § 3, repealing an act creating a drainage district and providing that claims for preliminary expenses duly verified, as in case of accounts, should be presented to the commissioners and paid by a levy of taxes, *held* that claims of banks for such expenses, duly verified by their cashier, and not contested by the district, should be paid.

2. BANKS AND BANKING—REPRESENTATION BY CASHIER.—Verification of a bank's claim by its cashier was the act of the bank itself, as the bank could only act through its officers.

3. APPEAL AND ERROR—OBJECTION NOT RAISED BELOW.—Objection that a bank's claim was verified by its cashier, instead of by its president, cannot be raised for the first time on appeal.

4. DRAINS—ALLOWANCE OF CLAIMS.—Allowance of claims for preliminary expenses against a drainage district by the commissioners under Sp. Acts 1921, p. 1159, *held* proper procedure, where the project had been abandoned.

5. DRAINS—ALLOWANCE OF CLAIMS FOR PRELIMINARY EXPENSES.—Evidence *held* to sustain a finding that claims allowed to certain banks by the commissioners of a drainage district were for preliminary expenses.

6. DRAINS—AUTHORITY OF DISTRICT TO BORROW MONEY.—Commissioners of a drainage district had authority to borrow money for preliminary expenses and to pay 6 per cent. interest thereon.

7. DRAINS—COLLECTION OF ASSESSMENT—PENALTY.—Provisions of Sp. Acts 1919, p. 516, creating a drainage district, that the preliminary expenses should be paid by a tax levy, and that 25 per cent. penalty for delinquency should be added on a proceeding to collect the assessment, under Acts 1909, p. 829, §§ 23, 24, *held* valid.

Appeal from Greene Chancery Court; *Horace Sloan,* special Chancellor; affirmed.

### STATEMENT OF FACTS.

The board of commissioners of Greene and Craighead Counties Drainage District No. 1 brought this suit in equity against J. M. James and other landowners in said drainage district to foreclose a lien on their lands to pay an assessment for the preliminary expenses for organization and preliminary surveys of the lands of the district.

The Legislature of 1919 passed an act creating Greene and Craighead Counties Drainage District No. 1 in Greene and Craighead counties, Arkansas. Special Acts of 1919, page 516. Section 16 provides that, in order to do the work, the board may borrow money at a rate of interest not exceeding six per cent. per annum, may issue negotiable bonds therefor, and mortgage all assessments for the repayment thereof.

Section 27 provides that, in case the work of improvement contemplated by the district is not performed, all expenses incurred by the commissioners, including any obligations that they may have given for the purchase of plans, heretofore made for said improvements, shall constitute a first lien upon said lands and shall be paid by a levy of taxes upon the real property of the district, to be made by the commissioners in the manner hereinbefore set forth, but based upon the assessments for State and county purposes. No assessment of benefits was ever made by the commissioners in compliance with the terms of the act.

The Legislature of 1921 passed an act to repeal the act creating said drainage district, and provided that the affairs of the district should be wound up in compliance with § 3 of the act. Special Acts of 1921, p. 1159.

Section 3 provides that all claims against the district must be presented to the commissioners thereof, duly verified, as required in actions of account; and, if not presented within six months from the date of the

act, they shall be forever barred. The section further provides that it shall be the duty of the commissioners to levy upon the real property of the district a tax sufficient to pay the indebtedness thereof. It provides that, if the assessment of benefits has not been made and approved, it shall be made upon the assessed value of the property for State and county purposes as it appears upon the county assessment.

Within the dates provided by the repealing act, claims aggregating $19,907.38 were filed with the commissioners, and the same were allowed and approved by them at a regular board meeting, and the minutes of the meeting and the resolutions of the commissioners show that said claims were examined and allowed. The board of commissioners also passed a resolution providing that evidence of the indebtedness of the claims that had been allowed and approved for payment should be prepared and certificates of indebtedness given for the various claims. It was also provided that an assessment of 6 per cent. against all the lands in the district should be levied for the payment of said indebtedness. Among the claims allowed was that of the Security Bank & Trust Company for $3,539, and that of the Paragould Trust Company for $10,386.37. The claim of the Security Bank & Trust Company is recited to be a note executed by the president and secretary of the drainage district to said company, date July 6, 1920, due six months after date, with interest from date at 6 per cent. per annum. The claim is signed by the cashier of the company and duly verified by him. The cashier swore that the account was just and correct and that no part had been previously paid.

The claim of the Paragould Trust Company was also signed by its cashier and duly verified by him in the same manner as the account of the Security Bank & Trust Company. The claim of the Paragould Trust Company also recites that it is a note executed by the president and secretary of the drainage district to said company, due six months from date, with interest at the rate of 6 per cent. per annum.

The chancery court found the issues in favor of the plaintiff, and it was decreed that the lien of the drainage district against the lands situated in it and involved in this suit be foreclosed, in default of the payment of the assessment within the time provided in the decree. The case is here on appeal.

*Gautney & Dudley,* for appellant.

*Robert E. Fuhr,* for appellee.

HART, C. J., (after stating the facts). It is first contended that the decree should be reversed because the cashiers of the two banks signed the claims which were presented to the commissioners and swore that nothing had been paid towards the satisfaction thereof. It will be remembered that each claim recites that it was a note given to the bank by the commissioners of the drainage district. As we have already seen, the original act creating the district provides that, if the work of improvement is not performed, the preliminary expenses shall be paid by a levy of taxes upon the real property of the district to be made by the commissioners. The Legislature of 1921, in the act repealing the district, provides that the commissioners allow all claims presented to them as required by the act, and that they may levy an assessment upon the real property of the district in the manner provided by the act for the payment thereof. The repealing act provides that all claims must be presented to the commissioners, duly verified as is required in actions of account. Section 4200 of Crawford & Moses' Digest provides that, in suits upon account, the affidavit of the plaintiff, duly taken and certified according to law that such account is just and correct, shall be sufficient to establish the same, unless the defendant shall, under oath, deny the correctness of the account. In the case at bar the cashier of each bank verified the claim and stated that it was just and correct, and that nothing had been paid towards the satisfaction thereof. In addition to this the record recites that the commissioners had signed a note to each bank bearing 6 per cent. interest. No attempt was made by the land-

owners to show that the claims were not just and correct or that any part of them had been paid. The action of the cashiers of the banks in verifying the claims was the action of the banks themselves, for a bank can act in no other way than through its officers, and its cashier is the manager thereof. Michie on Banks and Banking, § 102 (5ca), pages 710-711; *Ib.* § 54, page 274, and § 110 (4), page 772.

But it is claimed by counsel for the defendants that, under § 1215 of Crawford & Moses' Digest, the verification of any pleading of a corporation may be by any officer or agent on whom the summons in an action against the corporation may be served, and that the president is the officer upon whom service of summons must be had under our statute. A sufficient answer to this contention is that no objection was made to the form of the verification of the claim as presented to the commissioners, and no attempt was made to dispute the validity of either claim. Hence, in any event, it would be too late to make the objection for the first time on appeal.

It is next sought to reverse the decree because the repealing act provides for the allowance of the claims by the commissioners. As we have just seen, the presentation to the commissioners and the allowance by them of the claims constituted a compliance with the provisions of the repealing act. Such method of procedure for the ascertainment of preliminary expenses when an improvement district is abandoned has been expressly approved by the court in *Gould* v. *Toland,* 149 Ark. 476, 232 S. W. 434, and other later cases.

It is next insisted that there is no finding that the claims allowed were for preliminary expenses. We think, under the circumstances, no other legitimate inference could be drawn. The act providing for the creation and organization of the district gave the commissioners the power to incur indebtedness for certain preliminary expenses, and provided that it should be a lien upon the lands of the district in case the improvement was not made. The record shows that the commissioners

borrowed certain money from the two banks in question and gave their notes as commissioners therefor. They allowed the claims of these banks when presented to them under the provisions of the repealing act. The attendant circumstances show very plainly that the amounts allowed were expenses incurred in the organization of the district and in making preliminary surveys. This view is strengthened when we consider the kind and character of the claims presented by other claimants and allowed by the commissioners. We are of the opinion that the facts presented by the record show that the claims of the banks were for borrowed money used in preliminary expenses, and we have decided that, under similar circumstances, the banks are entitled, as lenders of the money, to an allowance against the district. *Gould v. Sanford,* 155 Ark. 304, 244 S. W. 433; and *So. Crawford Imp. Dist.* v. *Brown,* 156 Ark. 267, 245 S. W. 821.

It is next insisted that it was error to allow interest on the claims. In the first place, it may be said that the act creating the district authorized the commissioners to pay 6 per cent. interest on money borrowed for preliminary expenses, and this was the amount allowed. In the next place, under the two authorities just cited, the commissioners had the inherent power to pay interest on the amount borrowed to be used in paying preliminary expenses. In each of the cases cited the statement of facts shows that the commissioners borrowed money and executed a note bearing interest at the rate of 6 per cent.

It is next insisted that the court erred in allowing a penalty of 25 per cent. Now, the act creating the district provides that, in case the work of improvement is not performed, all expenses incurred by the commissioners shall be paid by a levy of taxes to be made by the commissioners in the manner set forth in the act. Under § 11, where delinquencies are reported to the board of commissioners in payment of assessments, it is made its duty to add to the amount of the tax a penalty of 25 per cent. and to proceed to collect the same in the

manner provided by §§ 23 and 24 of act 279 of the Acts of 1909. The method adopted for the assessment of benefits for paying the preliminary expenses was valid, under our previous decisions. *Standard Pipe Line Co.* v. *Index-Sulphur Drainage District, ante* p. 372, and cases cited.

It follows from the views that we have expressed that the decree was correct, and should be affirmed.