### JASPER v. JASPER.   (No. 2951.)

Court of Civil Appeals of Texas. Amarillo.
Jan. 18, 1928.

1. **Divorce ⚖⧐124, 184(6)—Both trial and appellate courts are governed by statute requiring full and satisfactory evidence to support divorce (Rev. St. 1925, art. 4632).**

Rev. St. 1925, art. 4632, providing decree in divorce actions shall be on full and satisfactory evidence, governs appellate, as well as trial, courts.

2. **Divorce ⚖⧐55—Divorce will not be granted for cruelty, where both parties have been guilty of mutual cruel treatment.**

Divorce will not be granted on ground of cruelty, where it appears that the conduct of

each party towards the other approaches mutuality, and both have indulged therein.

3. **Divorce ⚖⧐130—Disputed evidence of husband's application of vile epithets to wife, and failure to furnish her with necessaries, held not sufficiently full and satisfactory to warrant divorce and partition (Rev. St. 1925, art. 4632).**

Wife's testimony as to husband's failure to furnish her with food, clothing, and other necessaries, and calling her vile names, where slightly corroborated, *held* not sufficiently full and satisfactory to warrant decree of divorce and partition of community property under Rev. St. 1925, art. 4632, where children and neighbors testified husband had furnished wife with necessaries, and that they had never heard him apply vile and abusive epithets to her.

Appeal from District Court, Hutchinson County; Newton P. Willis, Judge.

Suit by Mrs. E. C. Jasper against C. H. Jasper for divorce and partition of the community property. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Coffee, Holmes & Buckley, and Norman Coffee, all of Borger, for appellant.

Aynesworth & Lackey, of Stinnett, for appellee.

JACKSON, J. This is a suit instituted in the district court of Hutchinson county, Tex., by the appellee, Mrs. E. C. Jasper, against her husband, the appellant, C. H. Jasper, for a divorce and a partition of the community property.

The appellee alleges that she and appellant were legally married in Erath county, Tex., in 1878, and thereafter lived together as husband and wife until about April 1, 1921, at which time they separated, and have not since lived together as husband and wife; that, during the time she lived with appellant, they acquired certain community property, which is fully described in her petition; that she always performed the duties of a good and faithful wife, and treated her husband with kindness and forbearance, but that in the latter part of the time they lived together appellant grew cold and distant toward her, became negligent of her in her old age, and, notwithstanding he was financially able so to do, he refused to provide for her necessary food and clothing or furnish her any money with which to purchase such necessaries, and absolutely failed to provide for her; that, if she requested him to furnish her any money, food, or clothing, he would bemean her in the vilest terms, and heap upon her vile epithets, one of which she sets out in her petition; that he bemeaned her with such vile terms at divers times before she left him; that such conduct constituted such excesses, cruel treatment, and outrages and such ill treatment as to render their longer

living together insupportable; that such abuse was without cause or justification, and resulted in her having a reasonable apprehension for her physical safety, and so humiliated her and produced such mental distress as threatened to, and did, impair her health.

The appellant, in his answer, admitted that he and appellee were husband and wife, and that the real estate described in her petition was located in Hutchinson county, Tex., and was community property. He also pleaded general denial of all the allegations in the petition, except those he had admitted.

In response to special issues submitted, the jury found that the appellee treated her husband with kindness and forbearance; that he refused to provide for her the necessaries of life; that he did not curse and abuse his wife in such a way as to cause her to have fear or apprehension of her physical safety; that by his conduct he did distress and humiliate her in such a way as was calculated to impair her health.

On these findings, the court rendered judgment for an absolute divorce, canceling the marriage relations theretofore existing, and divided the property equally between appellant and appellee, adjudging the costs against appellant.

The appellant challenges as error the sufficiency of the testimony to support the findings of the jury upon which the court based his decree for a divorce and a partition of the property, and contends that the evidence in the record is not sufficient to warrant a judgment against him.

The appellee testified: That she was 75 years old and that she had lived with appellant since they married in 1878 until about 6 years ago, when she left his home, since which time she has been living with one of her sons. That she and her husband have nine children, the youngest of which is 32 years old. That during the time they lived together, she assisted him in every way she could to accumulate the property and raise the family. That she left home because of ill treatment. She was never fixed to live, and could not stay there any longer. That her health got so bad she could not live there any longer. That her health was bad because she had never been treated right. That the appellant called her bad names at times, and that was the reason she left him. That his treatment affected her health, and he would not have her treated or attended by a doctor. That he applied the epithet, of which she complained, to her a good long time before she left home, and about the time she left home, and that was the reason she left and went to her son's. That she got in such health that she could not stay there. That she could not cook any victuals there because everything got full of sand, the food and the house was full of sand, and a sight. The sand got in the sugar, and she got tired of

living there, and she got away from there. That he would never let her know about his property, and never tell her anything about his business, which was one cause of the trouble. That she did not want to live in the "sand bed," which was what they called the home they had, and that she was not going to live there, and that was the reason she packed up and went to her son's, where she could get doctored. That they sold an oil lease in 1926 for $5,000, out of which she received but $330. That she does not remember how long before that it was since he gave her any money. That she does not remember how much he gave her the last time prior to that, it had been so long ago. That she worried along without money. That what he furnished to eat down in the "sand bed" would get so full of sand when she cooked it that it could not be eaten. That, since they had separated, she had refused to live with appellant.

Miss Sallie Jasper testified that she had heard the appellant call appellee bad names several times, but she could not tell when, where or under what circumstances this was done; that, since her father and mother had separated, she lived with her father a part of the time, and with her mother at her brother's a part of the time; that, when she was with her father, she had plenty to eat part of the time; and that, when she was up at her brother's, they went down to her father's house, and got a lot of stuff to take to her brother's to eat.

The appellant testified that he was 76 years old; that he never called appellee any vile names at any time; that he treated her the best he could, and took care of her to the best of his means and ability; that she left home about 6 or 7 years ago to cook for one of the sons, who was "batching," and not very healthy; that she had been back and forth to his home all during that time; that he had tried to get his wife to return home and live with him a number of times; that she frequently called him bad names; that he never refused to give her food or money or clothes when she needed them; that, during all the time they lived together, he treated her in a kindly manner, and would do so still, if she would return home.

The appellant offered the testimony of four of his daughters, two of his sons-in-law, one of his sons, and two of his neighbors, which shows that each of them were more or less familiar, and had been for years, with the home of the appellant and appellee, while they were living together, and the treatment each received from the other. This testimony is to the effect that none of the witnesses ever heard appellant abuse appellee, but had heard her apply to him vile and abusive epithets; that he had always furnished her food, clothing, and such other necessaries of

life as comported with their surroundings and circumstances.

The statement of facts consists of 71 pages, but we shall refrain from giving further details of the testimony.

[1] "Ordinarily the findings of juries are not disturbed by appellate courts where there is evidence to support them, but a different rule applies in actions for divorce. Article 4632 of our Statutes provides that the decree of the court in divorce actions shall be upon full and satisfactory evidence, and it has been held that this provision governs appellate as well as trial courts." Aylesworth v. Aylesworth (Tex. Civ. App.) 292 S. W. 963, and authorities cited.

To the same effect are Demmer v. Demmer, 289 S. W. 441; Blake v. Blake (Tex. Civ. App.) 263 S. W. 1075; Bain v. Bain (Tex. Civ. App.) 252 S. W. 252; Hubbard v. Hubbard (Tex. Civ. App.) 231 S. W. 161.

[2, 3] A divorce will not be granted on the ground of cruelty where it appears that the conduct of each towards the other approaches mutuality, and both have indulged therein. Wiedner v. Wiedner (Tex. Civ. App.) 231 S. W. 448, and authorities cited.

The testimony in the record upon which a divorce was granted and the property partitioned is not full and satisfactory, as required by the statute and the decisions, and the judgment is therefore reversed, and the cause remanded.