## PEREZ v. PEREZ. (No. 2141.)

Court of Civil Appeals of Texas. El Paso.
March 29, 1928.

Divorce ⊚⇒124, 184(6)—Trial and appellate
courts may refuse divorce, where evidence is
not full and satisfactory (Rev. St. 1925, art.
4632).

Under Rev. St. 1925, art. 4632, relating to
procedure in divorce suits, where evidence is
not full and satisfactory to trial court, or to
appellate court, on that ground, either court
may refuse to render judgment for divorce.

Appeal from District Court, Uvalde County; L. J. Brucks, Judge.

Divorce suit by Pablo Perez against Alvina Perez. From a judgment for defendant, plaintiff appeals. Affirmed.

Atlas Jones, of Uvalde, for appellant.
Ditzler H. Jones, of Uvalde, for appellee.

WALTHALL, J. This case presents an appeal from the judgment of the district court of Uvalde county, denying Pablo Perez a divorce from Alvina Perez, the facts stated as grounds for the divorce alleged to be such cruel treatment of appellant by appellee, and such outrages as to render their further living together insupportable, and specifying the acts complained of.

Appellee answered by general denial. The case was tried before the court without a jury. Judgment was rendered for appellee, denying the decree for divorce. The court, at the request of appellant, made and filed findings of fact and conclusions of law.

Appellant filed some 18 assignments of error, all submitted as propositions. The first 10 challenge the sufficiency of the evidence to sustain the findings of the court; the other assignments claim error on the court's conclusions of law, and insisting that appellant, under the evidence, is entitled to a divorce on the ground of the cruel treatment, as alleged.

We have reviewed the pleadings of the appellant, the evidence heard on the trial, and the facts which the court finds the evidence establishes, and have concluded that the court was not in error in refusing the divorce. We think we need not undertake an analysis of the evidence, to determine the sufficiency of the evidence to establish the facts found by the court, many of them being evidentiary only, and not the material, controlling issues of fact in the case.

In our judgment, appellant has wholly failed to show, by full and satisfactory evidence, that appellee is guilty of such cruel treatment or outrages toward him of such a nature as to render their living together insupportable. A review of the case would serve no good purpose. When the evidence is not full and satisfactory to the trial court, or to the appellate court, on that ground either court may refuse to render a judgment for divorce. Moore v. Moore, 22 Tex. 237; Haygood v. Haygood, 25 Tex. 576; Knight v. Knight (Tex. Civ. App.) 220 S. W. 609; Tanton v. Tanton (Tex. Civ. App.) 209 S. W. 429; article 4632, R. C. S. 1925; Jasper v. Jasper (Tex. Civ. App.) 2 S.W.(2d) 468.

We find no error in the judgment rendered. The case is affirmed.